**Gary D. AUSTIN, Ann Crispin, Arlana Hines, Anola Nightengale, Petitioners,**

v.

**DEPARTMENT OF COMMERCE, Respondent.**

**Appeal Nos. 83–1367 to 83–1369, 83–1378.**

United States Court of Appeals,
Federal Circuit.

Aug. 31, 1984.

Phillip R. Kete, Washington, D.C., argued, for petitioners.

Robin M. Gerber, Washington, D.C., was on brief, for petitioners.

Sandra P. Spooner, Washington, D.C., argued, for respondent. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Beacham O. Brooker, Jr., Washington, D.C.

L. Jon Pearson, Dept. of Commerce, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BALDWIN and KASHIWA, Circuit Judges.[1]

KASHIWA, Circuit Judge.

This is an application under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982), for an award of attorney fees incurred in connection with petitioners' appeal to this court from a decision of a presiding official of the Merit Systems Protection Board upholding a reduction in force by the Census Bureau.

## I

On March 21, 1982, petitioners,[2] Census Bureau employees, were downgraded pursuant to an agency-wide reduction in force (RIF). A large number of the affected employees appealed the RIF through their union. Most of the appeals, including petitioners', were consolidated and assigned to one presiding official of the Merit Systems Protection Board. There then ensued a series of orders, motions, and responses thereto including petitioners' request for a hearing on whether their competitive levels were properly established. Petitioners were given a hearing on certain issues but the presiding official denied petitioners' request for a hearing on the competitive level issue. However, in her decision affirming petitioners' reassignments, the presiding official reached the merits of this issue concluding that the agency had shown by a preponderance of the evidence that it properly established petitioners' competitive levels.

On appeal, petitioners requested that the presiding official's determination be "set aside" because there was no substantial evidence to support it or because it had been obtained without procedures required

1. The application for attorney fees in four cases decided by two three-judge panels have been consolidated by agreement of the parties. Chief Judge Markey, Senior Judge Nichols, and Judge Kashiwa heard and decided *Crispin v. Department of Commerce,* 732 F.2d 919 (Fed.Cir.1984), *Hines v. Department of Commerce,* 738 F.2d 453 (Fed.Cir.1984), and *Nightengale v. Department of Commerce,* 738 F.2d 453 (Fed.Cir.1984). Senior Judge Nichols, Judge Baldwin, and Judge Kashiwa heard and decided *Austin v. Department of Commerce,* 738 F.2d 453 (Fed.Cir.1984).

2. The four petitioners filed separate appeals to this court. Three of the appeals, *Crispin v.*

*Department of Commerce,* 732 F.2d 919 (Fed. Cir.1984), *Hines v. Department of Commerce,* 738 F.2d 453 (Fed.Cir.1984), and *Nightengale v. Department of Commerce,* 738 F.2d 453 (Fed. Cir.1984), raised only the issue of whether competitive levels were properly established. *Austin v. Department of Commerce,* 738 F.2d 453 (Fed. Cir.1984), raised the additional issue of whether petitioner was entitled to displace another employee. We affirmed the board on the latter issue and time related to that issue was not included in this application for attorney's fees.

by law. The petitioners alleged that the record was devoid of evidence since petitioners were not permitted to introduce evidence at a hearing. The government justified the presiding official's denial of a hearing on the grounds that the presiding official had applied sanctions and this court determined that the only issue before us was whether petitioners were entitled to introduce evidence at a hearing, concluding that they were, as no sanctions were issued.[3] We, therefore, vacated the presiding official's determination that competitive levels were properly established and remanded for a hearing on this issue.

## I

■ As a threshold issue, the government argues that the attorney's fees incurred in this case may not be awarded pursuant to the Equal Access to Justice Act in light of the existence of another statute, the Back Pay Act, 5 U.S.C. § 5596 (1982), which provides for the recovery of fees in this case. The government's argument is not well taken. In a recent decision of this court, *Olsen v. Department of Commerce*, 735 F.2d 558 (Fed.Cir.1984), involving facts indistinguishable from those in this case, (petitioner successfully appealed a decision of the Merit Systems Protection Board upholding a reduction in force by the Census Bureau), we held that the EAJA covered the award of attorney fees for the judicial proceedings in that case.

The government asks this court to interpret the Equal Access to Justice Act differently because the decision in *Olsen* imposes an unnecessary burden upon both employees and the government in litigating the question of attorney fees and because the court did not specifically address the Back Pay Act.[4] Whatever we may think of the

government's arguments, "(w)e are of course bound by the precedents of our own circuit * * * " *Bailey v. United States*, 721 F.2d 357, 360 (Fed.Cir.1983). We, therefore, conclude that petitioner correctly applied for attorney fees under the Equal Access to Justice Act. We now turn to the merits of petitioners' claim.

## II

The Equal Access to Justice Act provides in relevant part:

(d)(1)(A) except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, * * * unless the court finds that the decision of the United States was substantially justified or that special circumstances make an award unjust.

■ We, therefore, must first determine whether petitioners were prevailing parties within the meaning of the Act. Although the EAJA does not define the term "prevailing party", "[a] typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit," *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), quoting *Nudeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978). The legislative history makes clear that prior judicial interpretations of the term "prevailing party" should be applied to the Equal Access to Justice Act and that the phrase should not be limited "to a victor only after entry of a final judgment following a full trial on the merits." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.CODE

---

3. Under the regulations governing MSPB appeals, the presiding official may impose sanctions if a party fails to comply with an order. 5 C.F.R. 1201.43. The sanctions include prohibiting a party from introducing evidence covering the information sought in the order which has not been complied with.

4. The government requested en banc consideration of this case and then withdrew this request

because the panel in *Olsen* did not specifically address the Back Pay Act. However, although in *Olsen* the court did not specifically address the Back Pay Act with regard to awarding fees before this court, it did address the Back Pay Act for awarding fees before the Board. The argument was made and the court was certainly aware of the Act.

CONG. & AD.NEWS 4953, 4984, 4990. A party will be deemed prevailing if he obtains a settlement of his case; if the plaintiff has sought a voluntary dismissal of a groundless complaint; or even if he does not ultimately prevail on all issues. *Id.* The legislative history goes on to state:

> In cases that are litigated to conclusion, a party may be deemed "prevailing" for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may be appropriate where the party has prevailed on an interim order which was central to his case, *Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C.1976), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit," *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir.1974).

It is therefore clear that a party need not have litigated to final judgment and have been awarded the ultimate relief requested in order to be entitled to an award of fees under the EAJA. As stated recently by this court, "[a] court should look to the substance of the litigation to determine whether an applicant has *substantially* prevailed in its position, and not merely the technical disposition of the case or motion." *Devine v. Sutermeister*, 733 F.2d 892, 898 (Fed.Cir.1984).

However, if a party wins on a purely procedural issue which results in a remand, then this has not made him a "prevailing party" under other attorney fee provisions. In *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir.1979), plaintiffs were awarded attorney fees based on three favorable rulings by the Seventh Circuit: reversal of the district court's directed verdict and reversal of two of the district court's rulings on discovery motions. The Supreme Court reversed the award of fees, holding that plaintiffs were not "prevailing parties" under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The Court stated that while Congress intended to award interim fee awards, "it seems clearly to have been the intent of Congress to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claim." *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). The Court concluded that the parties had not prevailed on the merits since "the Court of Appeals held only that respondents were entitled to a trial of their cause." *Id.* at 758, 100 S.Ct. at 1990. *See also, Swietlowich v. County of Bucks*, 620 F.2d 33 (3d Cir.1980) (vacation of judgment because of error in jury instructions and remand for new trial did not make plaintiff a prevailing party); *Bly v. McLeod*, 605 F.2d 134 (4th Cir.1979) (remand for clarification and impanelling of three-judge district court did not make plaintiffs prevailing parties).

The Second Circuit has applied this reasoning to conclude that a plaintiff who succeeded in obtaining a remand for the taking of additional evidence in a Social Security case was not a prevailing party for purposes of the EAJA. In *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2nd Cir.1983), plaintiff appealed a denial of social security benefits to the district court. The case was remanded to the administrative law judge to remedy certain procedural defects and the court awarded attorney fees. The Second Circuit reversed the award of fees, despite the fact that all the party requested on appeal was a remand.

> Unlike a plaintiff who files a lawsuit alleging violations of a procedural due process right and seeks compensation for that deprivation, * * * the ultimate relief to which a social security claimant is normally entitled is not vindication of procedural rights but an award of benefits for a claimed disability. While it is true that a favorable ruling on plaintiff's procedural claim that the ALJ should have conducted a more thorough hearing may ultimately affect the outcome on the merits of plaintiffs disability claim, nevertheless her procedural claim is not a matter on which plaintiff can be said to

prevail for purposes of shifting counsel fees. [citations omitted].

*McGill*, 712 F.2d at 32.

Similarly, in this case, petitioners requested that the presiding official's decision should be reversed because it was not supported by substantial evidence or because it was obtained with procedures not in accordance with law. This court concluded that the determination that the agency had properly established petitioners' competitive levels could not stand because petitioners were entitled to introduce evidence at a hearing. We remanded petitioners' cases to the Merit Systems Protection Board to remedy this defect. We, however, expressed no opinion on the merits of petitioners' claim, whether in fact their competitive levels were properly established, nor on the ultimate relief to which an employee adversely affected by a RIF is entitled, reinstatement. Accordingly, petitioners' request for attorney fees is denied.

DENIED