ORDER
 

 Before MARKEY, Chief Judge, and BALDWIN and NIES, Circuit Judges.
 

 NIES, Circuit Judge.
 

 In an opinion issued from the bench on January 15,1985,
 
 [1]
 
 the United States Claims Court granted the government’s summary judgment motion and denied Skip Kirchdorfer, Inc.’s motion for partial summary judgment on the issue of the government’s liability. Kirchdorfer appealed.
 

 In an unpublished decision of April 4, 1986, 795 F.2d 1010, this court reversed the Claims Court’s grant of the government’s motion and denial of Kirchdorfer’s motion. Accordingly, this court remanded the case to the Claims Court for a determination of the amount of the government’s liability.
 

 Kirchdorfer seeks attorney fees under the Equal Access to Justice Act, (EAJA) 28 U.S.C. § 2412(d)(1)(A) (Supp. Ill 1985). The government opposes the grant of attorney fees because,
 
 inter alia,
 
 no
 
 *712
 
 final judgment in the action has been entered. Section 2412(d)(1)(B) mandates the following requirements for a fee application under section 2412(d)(1)(A):
 

 A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.
 

 From a litigant’s point of view, unless a fee request is timely filed in accordance with the above provision, it will be barred. If the judgment entered in this case by this court is “a final judgment in the action” within the meaning of the statute, then Kirchdorfer’s request had to be filed at this time. We conclude, however, that it is premature.
 

 While the statute defines “final judgment” as “a judgment that is final and not appealable, and includes an order of settlement,” 28 U.S.C. § 2412(d)(1)(G) (Supp. Ill 1985), it does not define “in the action.” However, the legislative history states that “[i]n a case remanded by a court of appeals for entry of judgment, the thirty days would commence on expiration of the time for appealing the judgment on remand.” H.R.Rep. No. 120, 99th Cong., 1st Sess., 18,
 
 reprinted in
 
 1985 U.S.Code Cong. & Ad. News 132, 146 n. 26. Thus, as a “statute of limitations” against fee awards, clearly Congress did not intend that an appellant be barred 90 days after an appellate court’s judgment reversing and remanding becomes final.
 

 This does not mean that a request for a fee award under EAJA must always be made in the first instance to the trial court when this court remands. We have entertained requests for fees filed within thirty days from the date that time for filing a petition for certiorari to the Supreme Court expires in instances where the remand was essentially for a ministerial act.
 
 Beardmore v. Department of Agriculture,
 
 788 F.2d 1537, 1538 (Fed.Cir.1986) (in banc);
 
 Gavette v. Office of Personnel Management,
 
 785 F.2d 1568, 1570-71 (Fed. Cir.1986) (in banc). However, where the tribunal on remand must determine a significant part of the case, as here and as was not true in those cases,
 
 [2]
 
 a request for fees before the judgment on remand is generally premature. Any other position would result in piecemeal consideration of fee awards. Thus, in this case, after final judgment is entered in the trial court, Kirchdorfer may file a fee application for all work in this action, including the work on remand.
 

 Accordingly, it is hereby
 

 ORDERED that Kirchdorfer’s motion for fees is denied without prejudice to filing a petition with the Claims Court upon entry of a final judgment.
 

 [1]
 

 . The original opinion was supplemented with an order of February 20, 1985, denying Kirchdorfer’s motion to amend.
 

 [2]
 

 . The cases were remanded with a direction to the Merit Systems Protection Board to
 
 order
 
 payment of backpay. The MSPB does not in the first instance determine quantum.