Morris V. BREWER, Petitioner,

v.

AMERICAN BATTLE MONUMENTS COMMISSION, Respondent.

Appeal No. 85–2044.

United States Court of Appeals,
Federal Circuit.

March 25, 1987.

---

Keith R. Anderson, Schwalb, Donnenfeld, Bray & Silbert, of Washington, D.C., argued, for petitioner; with him on the brief was James K. Stewart; Leodis C. Matthews and Robert J. Fiore, O'Haire, Fiore & von Maur, of the Federal Republic of Germany, of counsel.

Terrance S. Hartman, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued, for respondent; with him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan.

Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge,* and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

## ORDER

Morris V. Brewer requests attorney fees and expenses incurred in connection with interim judicial review of a Merit Systems Protection Board ("Board") decision. *Brewer v. American Battle Monuments Commission*, 23 M.S.P.R. 554 (1984); *vacated and remanded*, 779 F.2d 663 (Fed. Cir.1985); *modified*, 31 M.S.P.R. 243 (1986). He also seeks fees and expenses incurred in connection with the fee application.

The fee petition was brought under the Equal Access to Justice Act ("EAJA"), 28

---

* The Honorable Phillip B. Baldwin assumed Senior Circuit Judge status effective November 25, 1986.

U.S.C. § 2412(d). Petitioner also referred to the Back Pay Act, 5 U.S.C. § 5596(b)(1). In *Gavette v. Office of Personnel Management*, 808 F.2d 1456 (Fed.Cir.1986) (in banc), affirming *Olsen v. Department of Commerce, Census Bureau*, 735 F.2d 558 (Fed.Cir.1984) and *Austin v. Department of Commerce*, 742 F.2d 1417 (Fed.Cir.1984), this court held that the EAJA does not apply to attorney fees for Board proceedings involving employee tenure, but that such appeals from the Board to this court are "civil actions" to which the EAJA applies by terms of 28 U.S.C. § 2412(d)(1)(A). *Gavette*, 808 F.2d at 1461–62. As discussed in *Gavette*, the Back Pay Act applies to proceedings before the Board and may also be invoked in actions before this court. *Id.*

We entertain this petition under the EAJA.

### Background

The details of Mr. Brewer's litigation with the American Battle Monuments Commission ("agency") are set out in the several published opinions cited *supra*. In outline, Mr. Brewer appealed to the Board the agency's action demoting and transferring him. The presiding official of the Board held that the major agency charges against Mr. Brewer were unsubstantiated, sustained some lesser charges, and changed the penalty to a letter of reprimand. On the agency's appeal the full Board upheld its presiding official on the merits but nevertheless reinstated the agency's penalty of transfer and demotion, holding that the Board had no jurisdiction to review internal agency transfers, and that the demotion considered alone was within the range of penalties for the sustained charges. *Brewer*, 23 M.S.P.R. at 556–57.

On appeal, this court held that the demotion and transfer were a unitary penalty, vacated the Board's decision, and remanded with instructions that the Board consider the entire penalty when deciding whether its magnitude was reasonable in view of the sustained charges. *Brewer*, 779 F.2d at 665. On remand the Board reduced the penalty to a 15–day suspension and awarded back pay and benefits, holding that the demotion and transfer exceeded the maximum reasonable penalty for the sustained charges. *Brewer*, 31 M.S.P.R. at 247. No appeal was taken by either side.

Mr. Brewer filed a petition for attorney fees within thirty days after this court's decision vacating and remanding to the Board. That petition was stayed by this court pending our decision in *Gavette*, and was then denied without prejudice, on the basis that Mr. Brewer was not a prevailing party at that time since there was no decision on the remand. *Order*, July 18, 1986.

Coincidentally on July 18, 1986 the Board issued its decision on remand. The agency does not dispute that Mr. Brewer then prevailed on the merits of his cause. Mr. Brewer renewed his request for attorney fees and expenses in connection with the proceedings before this court, and advised the court that he was requesting fees directly from the Board in connection with the administrative proceedings. The agency opposes the petition.

### ANALYSIS

Mr. Brewer asserts compliance with both the Back Pay Act standard of "the interest of justice" and the EAJA's requirement that the government's position not have been "substantially justified". Both acts require that the petitioner be a "prevailing party". As discussed in *Gavette*, 808 F.2d at 1467, the EAJA places on the government the burden of proof as to whether its position was "substantially justified", thus implementing Congress' intent to facilitate recovery under that statute. The EAJA provides that

> a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The history of this legislation states Congress' intention that the EAJA not be given an "overly technical construction ... resulting in the

unwarranted denial of fees." H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 146 n. 26 ("1985 House Report").

### The "Prevailing Party" Issue

The agency argues that Mr. Brewer was not a "prevailing party" before this court but merely the recipient of a favorable interlocutory ruling, that he did not prevail until the Board's decision on remand, and therefore that he has no statutory entitlement to attorney fees for the interim judicial appeal. The agency asserts that judicial evaluation of fee applications "from the perspective that existed at the time of their submission ... is the only logical approach for courts to follow."

In support the agency cites *Gavette* and *Austin v. Department of Commerce*, 742 F.2d 1417 (Fed.Cir.1984). However, neither of these cases is analogous to or addresses the situation now before us. In *Gavette* the petitioner had prevailed on the merits on appeal to this court. *Gavette*, 785 F.2d at 1573, 1580. Thus in *Gavette* the petitioner was without question a prevailing party. In *Austin* this court denied a petition for attorney fees for an interim appeal wherein this court remanded for further proceedings before the Board, holding that "if a party wins on a purely procedural issue which results in a remand, this has not made him a 'prevailing party' under other attorney fee provisions." *Austin*, 742 F.2d at 1420.

*Austin* followed the decision of the Supreme Court in *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), in which the Court interpreted the phrase "prevailing party" in 42 U.S.C. § 1988[1] to permit an interlocutory award of attorney fees only if a party had "established his entitlement to some relief on the merits of his claim." *Id.* at 757, 100 S.Ct.

at 1989. Mr. Brewer's position when he first filed his fee petition, before the Board's decision on remand, was analogous to that in *Hanrahan* and *Austin;* it is no longer so.

■ Although a court may not award fees under the EAJA at the time of decision of an interim appeal that does not resolve the merits of the claim, as in *Hanrahan* and *Austin,* nothing in these cases suggests that fee awards for the interim civil action must be excluded after the party becomes a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). The question of entitlement under such circumstances has not previously been decided by this court, but those courts that have treated the question have interpreted the "prevailing party" requirement to hold that a litigant who is eventually successful, but who was obliged to seek interim appellate review, may recover fees incurred for these steps along the way. This result implements the legislative purpose of the EAJA

> to ensure that certain individuals ... will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights.

1985 House Report at 4, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 132–33.

This court's denial of Mr. Brewer's initial fee petition was consistent with *Hanrahan* and *Austin* and with the rulings of other circuits. See, e.g., *Society for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1253, 1254 (2d Cir.1984), which like *Hanrahan* involved fees claimed under 42 U.S.C. § 1988; the court stated that since "plaintiffs have not yet prevailed on the merits in any way ... an award of attorney's fees at this time would be premature", and remanded "with instructions to

---

**1.** Many of the cases discussing the "prevailing party" standard arose under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Act. In *NLRB v. Doral Building Servs.*, 680 F.2d 647, 647 (9th Cir.1982) the court remarked: "we cannot distinguish it from the Equal Access to Justice Act for purposes of defining 'prevailing party' ", referring to congressional intent that "the term 'prevailing party' as used in the EAJA ... should

be consistent with the law developed under existing statutes." *Id.* In *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983), the Court said in applying § 1988: "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party' ".

deny the motion for attorney's fees, without prejudice to its subsequent renewal". Similarly in *McGill v. Secretary of Health & Human Services*, 712 F.2d 28, 30–32 (2d Cir.1983), applying the EAJA, the Second Circuit held that since the plaintiff had not yet prevailed on the merits of a social security claim, the district court's order awarding attorney fees "at this time" was reversed.

In *Dennis v. Heckler*, 756 F.2d 971 (3d Cir.1985), the court held that after the applicant had prevailed on remand to the agency, fees for an interim appeal to the district court were recoverable under the EAJA. *Id.* at 972 n. 7. The court stated that the claimant

> became a prevailing party against the United States within the meaning of the [EAJA] when, after the district court reversed an adverse decision of the Secretary of Health and Human Services and remanded for further consideration, the Social Security Administration Appeals Council ordered an award of benefits.

*Id.* at 971–72. In *Miller v. United States*, 753 F.2d 270, 273–75 (3d Cir.1985), the court granted attorney fees under the EAJA for both the original appeal to the Merit Systems Protection Board and the ensuing appeal to the Third Circuit. The court held that although the petitioner had not been a prevailing party at the time of the Third Circuit's interim remand to the MSPB, he became a prevailing party when reinstated by the Board on remand.

Holdings of other circuits have also been consistent in requiring a favorable result on the merits in order to satisfy the term "prevailing party" in these fee-shifting statutes. In *Ware v. Reed*, 709 F.2d 345, 354–55 (5th Cir.1983), the court denied a request for interim fees under 42 U.S.C. § 1988, stating that: "Ware's request is premature. His status as a 'prevailing party' which would warrant the award of a reasonable attorney's fee is 'a matter which must await further developments.'" In accord is *Powe v. City of Chicago*, 664 F.2d 639, 652 (7th Cir.1981). Similarly the Sixth Circuit, applying the EAJA in *Kitchen Fresh, Inc. v. NLRB*, 729 F.2d 1513, 1513 (6th Cir.1984), denied fees for an interim appeal, stating: "petitioner has yet to prevail on the merits of any of its claims".

In *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 635–36 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), a section 1988 case which included appeals from the district court to the circuit court and the Supreme Court, the Sixth Circuit held after plaintiffs eventually prevailed that "Services relating to the various appeals taken ... are compensable...."

In a fee request under the EAJA, *Escobar Ruiz v. Immigration & Naturalization Service*, 787 F.2d 1294 (9th Cir.1986), the court held:

> Because ... Ruiz has not yet received a favorable determination of any of the merits of his underlying action, he cannot be a "prevailing party" for purposes of ... section 2412(d)(1)(A). As a result, he is not entitled to an award of attorney's fees at this time.
>
> * * * *
>
> [Should] Ruiz prevail in the agency, he may renew his application for fees for work done in this court....

*Id.* at 1298.

The District of Columbia Circuit in *Massachusetts Fair Share v. Law Enforcement Assistance Administration*, 776 F.2d 1066, 1068 (D.C.Cir.1985) (quoting *Brown v. Secretary of Health & Human Services*, 747 F.2d 878, 879–80, 883 (3d Cir.1984)) stated that "a claimant ultimately successful on remand may be awarded fees even for procedural victories" [although] "'not ... at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined.'" (emphasis in *Massachusetts Fair Share*).

The courts have thus generally refrained from "premature" fee awards, but after a party has prevailed on the merits have included fees incurred for interim appeals.

■ On Mr. Brewer's appeal this court held that the Board's decision was based on an erroneous legal premise, and remanded for review under the correct premise. The agency does not dispute that on remand

Mr. Brewer prevailed; he achieved more than "some of the benefit ... sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Mr. Brewer achieved substantially all of the relief he sought: he obtained a reversal of the transfer, a reversal of the demotion, and back pay, suffering only a 15-day suspension. His appeal was a "necessary and important factor" in that success. *Nadeau v. Helgemoe,* 581 F.2d 275, 281 (1st Cir.1978).

Mr. Brewer became a prevailing party in the action, both before the Board and before this court, upon the Board's final decision on the merits. Attorney fees and expenses incurred for the interim civil action shall not be denied on this basis.

### The "Substantially Justified" Issue

■ The burden of proof resides with the agency to demonstrate either that its position during the proceedings before the Board and on appeal was "substantially justified", or that "special circumstances make an award unjust". *See Gavette,* 808 F.2d at 1467; 28 U.S.C. § 2412(d)(1)(A). Congress left no doubt as to its intention that if the government does not carry this burden, the court must award fees:

> fees will be awarded unless the Government can show that its action was substantially justified or that special circumstances make an award unjust.

H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989. Amending the Act in 1985, Congress clarified that it is the agency's position at the administrative level, as well as its position in litigation, that should be the basis of determination of "substantial justification", 28 U.S.C. § 2412(d)(2)(D), and found "puzzling" this court's more rigorous standard in *Gava v. United States,* 699 F.2d 1367 (Fed.Cir. 1983). 1985 House Report at 9 & n. 16, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 138 & n. 16.

As explained in *Gavette,* whether the agency's burden has been met requires review on a case-by-case basis. 808 F.2d at 1467 (citing 1985 House Report at 10, 13, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 138, 141–42). In this case, it

was established in the initial decision of the presiding official that the major agency charges against Mr. Brewer were unsubstantiated. The agency now offers, in opposition to this fee petition, the agency's charges that were rejected in that initial decision and never reinstated. Thus the agency repeats its initial accusation that "the government lost property valued at $1,025.23", whereas it was established early in this odyssey through the administrative and appellate process that the only loss was a broken vacuum cleaner.

We conclude that the agency has failed to carry its burden on the "substantially justified" issue.

### Timeliness

■ Petitioner filed this fee application within thirty days after this court's judgment. We held this filing premature, as discussed *supra.* Petitioner subsequently requested reconsideration of our holding, by which procedure this fee application is before us.

The statute states that the application for attorney fees and expenses shall be filed "within thirty days of final judgment in the action". 28 U.S.C. § 2412(d)(1)(A). The statute defines "final judgment" as one that "is final and not appealable, and includes an order of settlement". 28 U.S.C. § 2412(d)(1)(G). The legislative history explains:

> In a case remanded by a court of appeals for entry of judgment, the thirty days would commence on expiration of the time for appealing the judgment on remand.

1985 House Report at 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 146 n. 26. Congress discussed in connection with the 1985 reenactment of the EAJA that a premature petition would be "treated as if" it were later filed:

> Fee petitions may be filed before a "final judgment". If the court determines that an award of interim fees is inappropriate the petition should be treated as if it were filed during the thirty-day period following the final decision. The overly technical approach in

*Auke Bay Concerned Citizens' Advisory Council v. Marsh,* 755 F.2d 717 (9th Cir.1985) should be avoided.

*Id.*

In *Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711 (Fed.Cir.1986), this court applied these principles following a remand to the Claims Court. This court held that "Congress did not intend that an appellant be barred 90 days after an appellate court's judgment reversing and remanding becomes final." *Id.* at 712; *see also Gavette,* 808 F.2d at 1459 & n. 5.

By any of these measures, Mr. Brewer's fee request was timely filed.

### *Quantum*

■ Petitioner has withdrawn his request to this court for fees incurred before the Board. He has not, however, clearly separated these sums in the petition as first filed before us. A revised statement is required. In accordance with *Scheunemeyer v. United States,* 776 F.2d 329, 333 (Fed.Cir.1985), fees incurred in the preparation and defense of this application may be included. The agency's objections to the amount of the charges, if renewed, will be considered at that time.

Accordingly, IT IS ORDERED THAT:

1. Petitioner is entitled under the EAJA to attorney fees and expenses incurred in connection with his judicial appeal.

2. Petitioner shall within twenty days submit a statement of fees and expenses incurred before this court.

3. Any objection thereto shall be filed within ten days thereafter.