**A. HIRSH, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**and**

**Paint Applicators Trade Action Coalition (PATAC), Defendant–Intervenor.**

**Court No. 89–06–00366.**

United States Court of International Trade.

July 26, 1990.

724

Susman & Associates, Barbara A. Susman, Chicago, Ill., for plaintiff.

Lyn M. Schlitt, Gen. Counsel, James A. Toupin, Asst. Gen. Counsel, George Thompson, U.S. Intern. Trade Com'n, Washington, D.C., for defendant.

Miller, Canfield, Paddock and Stone, Charles R. Johnston, Jr. and Doreen M. Edelman, Washington, D.C., for defendant-intervenor.

## OPINION AND ORDER

RESTANI, Judge:

■ Pursuant to Rule 68 of this court, counsel for A. Hirsh, Inc. (applicant) has applied for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).[1] The government responds that applicant was not entitled to fees as it was not a prevailing party under the terms of the statute; and that, even if the court found that applicant were a prevailing party, the government's position was substantially justified.[2]

■ The applicant had challenged the United States International Trade Commission's (ITC) determination summarily deny-

---

**1.** Applicant has also sought fees and sanctions under CIT Rules 8, 11, and 68 against defendant-intervenor, the *Paint Applicators Trade Action Coalition*, and some of its individual members, with regard to motions to intervene. The court has reviewed the documents related to this application, and finds no basis in law or fact to grant it. Defendant-intervenor was permitted to intervene *as of right in the main action. See* Order of October 16, 1989. Plaintiff's motion opposing intervention was denied as moot on October 27, 1989. The individuals' request to intervene was withdrawn. As to the individuals there has been insufficient explanation or segregation of the request, which would appear ill-founded in any case.

**2.** Plaintiff also states that fees should be awarded against the United States under Rule 11, although this request is not supported. Presumably the plaintiff contends defendant lacked a good faith argument and acted frivolously in not conceding that reasons for ITC's determination should have been published. This was a case of first impression as to whether reasons for denying a changed circumstances investigation need be formally stated. The statute was not express on this point. Thus, Rule 11 sanctions do not appear appropriate. The court does not reach the issue of substantial justification under the EAJA.

ing applicant's request for 19 U.S.C. § 1675(b) (1988) review, based on changed circumstances, of a prior affirmative determination under 19 U.S.C. § 1673 (1988). In its first opinion in the matter, the court remanded the case to ITC for an expression of the reasons for its denial of applicant's § 1675(b) petition. *See A. Hirsh, Inc. v. United States*, 14 CIT ——, 729 F.Supp. 1360, 1365 (1990) (*Hirsh I*). The court expressed no opinion as to the merits of applicant's claim. *Id.*

Following submission of ITC's reasons for its dismissal of applicant's petition for § 1675(b) review, the court concluded that "ITC's determination reflect[ed] adequately its consideration of plaintiff's contentions." *A. Hirsh, Inc. v. United States*, 737 F.Supp. 1186, 1190 (CIT 1990) (*Hirsh II*). Thus, the record here indicates that, despite an interim remand by the court on an independent procedural issue, applicant did not prevail on the merits of its claims.

■■■ Under the EAJA, attorney's fees may be awarded against the United States in certain circumstances, but only to a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). The determination of whether an applicant is a "prevailing party" depends on whether the applicant has achieved " 'some of the benefit [it] sought in bringing the suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978).[3] *See also Comm'r, INS v. Jean*, —— U.S. ——, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) (Under the EAJA "the Court first must determine if the applicant is a 'prevailing party' by evaluating the degree of success obtained."). In determining whether the applicant has obtained a measure of success, the court must " 'focus on the precise factual/legal condition that the fee claimant has sought to change, and then determine if the outcome confers an actual benefit or release from burden.' " *Nat'l Coalition Against Misuse of Pesticides v. Thomas*, 828 F.2d

42, 44 (D.C.Cir.1987) (*quoting Grano v. Barry*, 783 F.2d 1104, 1108–09 (D.C.Cir. 1986)). Thus, an interim victory on an issue which results in remand but does not lead to the ultimate vindication of applicant's claim or claims ordinarily will not form the basis for a fee award. *Austin v. Dept. of Commerce*, 742 F.2d 1417, 1420–21 (Fed.Cir.1984). *See also McGill, supra*, 712 F.2d at 31–32.

Applicant has not met the threshold requirement for award of EAJA fees. An examination of plaintiff's filings and arguments before the court show that applicant's primary interest in the litigation was to obtain a review, and ultimately reversal, of an earlier ITC administrative determination. The court's decision in *Hirsh I* was not based on the merits of applicant's petition. Rather, the court found that ITC had acted contrary to law by not articulating reasons for its denial of applicant's petition. The court therefore remanded the case so that it could ascertain the basis for the denial. Once ITC's reasons were articulated, the court affirmed ITC's denial.

As stated in *Hewitt v. Helms*, 482 U.S. 755, 761–62, 107 S.Ct. 2672, 2676–77, 96 L.Ed.2d 654 (1987) (discussing fees under 42 U.S.C. § 1988): "As a consequence of the present lawsuit, [the applicant] obtained nothing from the defendant[ ]." Accordingly, plaintiff's application for fees is denied.

SO ORDERED.

---

**3.** Congress intended the definition of "prevailing party" under the EAJA to be consistent with use of that term in other fee shifting statutes. *McGill v. Sect. of Health and Human Services*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied, sub nom. McGill v. Heckler*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). *Cf. Hensley, supra*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.