# United States Court of Appeals for the Federal Circuit

---

**JOHN CRAWFORD,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1585

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01956-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: April 26, 2023

---

CHRISTIAN CURRAN, Crowell & Moring, LLP, Washington, DC, argued for plaintiff-appellant. Also represented by STEPHEN JOHN MCBRADY, CHARLES BAEK; ROCHELLE BOBROFF, National Veterans Legal Services Program, Arlington, VA.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before MOORE, *Chief Judge*, PROST and STARK, *Circuit Judges*.

MOORE, *Chief Judge*.

John Crawford appeals a decision of the United States Court of Federal Claims holding Mr. Crawford is not entitled to attorneys' fees and expenses under the Equal Access to Justice Act (EAJA).  We reverse.

## BACKGROUND

Mr. Crawford served honorably in the United States Army and Florida Army National Guard for two decades before he was discharged in 2011 for failure to meet medical retention standards due to his service-connected PTSD. Mr. Crawford's PTSD began after his second tour of duty in Iraq, at which time he was referred to the Florida State Surgeons Medical Discharge Review Board (SSMDRB) for a medical assessment.  J.A. 282.  The SSMDRB found Mr. Crawford did not meet medical retention standards and that his PTSD was incurred in the line of duty.  J.A. 1221–22.  It accordingly recommended Mr. Crawford be counseled regarding his rights to request a fitness determination by a Physical Evaluation Board (PEB) of the Army's Physical Disability Evaluation System (PDES), a prerequisite for medical retirement.  *See* 10 U.S.C. § 1201.

Despite the SSMDRB's findings, Mr. Crawford was not referred to a PEB and was instead erroneously discharged as if his PTSD was not incurred in the line of duty.  As a consequence, Mr. Crawford never received a fitness determination or medical retirement.  In 2015, Mr. Crawford sought correction of his records and retroactive benefits before the Army Board for the Correction of Military Records (ABCMR).  Although the ABCMR found Mr. Crawford's PTSD may have been service connected and that he should have been referred to PDES, the ABCMR did not grant him that relief.  J.A. 1176.  Instead, it directed the Office of the

Surgeon General to further review Mr. Crawford's records to determine whether he met retention standards at the time of his discharge and whether he should have been referred to PDES. *See* J.A. 1166; J.A. 1176. Pursuant to that directive, Dr. Kathryn O'Donnell reviewed Mr. Crawford's records. Notwithstanding the SSMDRB's findings and the uncontested fact that Mr. Crawford was discharged for failure to meet medical retention standards, Dr. O'Donnell recommended that Mr. Crawford not be referred for a fitness determination because, in her opinion, Mr. Crawford met retention standards at the time of his discharge. J.A. 1002–03.

Following Dr. O'Donnell's report, Mr. Crawford filed a complaint with the United States Court of Federal Claims. The complaint directly challenged the ABCMR's and Dr. O'Donnell's decisions and findings, but also alleged an original error in the Army's failure to refer him to a PEB for a fitness determination prior to his separation, as required by Army Regulation 40-501, ¶ 10-25. J.A. 14–37. Rather than answer Mr. Crawford's complaint, the government filed a voluntary motion for remand to the ABCMR (Remand Motion). J.A. 41–46; J.A. 56–60. The Remand Motion argued Mr. Crawford's claims for medical retirement should not proceed until the ABCMR conducted the predicate fitness determination, which the government conceded did not occur at the time of Mr. Crawford's separation. J.A. 43–45.

The Court of Federal Claims concluded remand was warranted for two "principal reasons": (1) remand for a fitness determination could obviate the need for further proceedings in the event the ABCMR granted Mr. Crawford relief, and (2) if the ABCMR did not grant such relief, then the more extensive record developed on remand would be essential for further litigation. J.A. 82–84 (Remand Decision). Accordingly, it granted the motion and remanded for the ABCMR to "determine and explain whether Mr. Crawford was unfit for duty at the time of his separation . . .

based upon the existing ABCMR record and any other documentation received by the ABCMR on remand." J.A. 83–84.

On remand, the ABCMR found Mr. Crawford was entitled to medical retirement based solely on the evidence available "at the time of [his] separation without additional processing through PDES" and accordingly granted him complete relief, including the correction of his records and medical retirement benefits retroactive to the date of his discharge. J.A. 132; *see also* J.A. 413. Mr. Crawford then moved for attorneys' fees and expenses pursuant to § 2412(d)(1)(A) of the EAJA, arguing the remand was predicated on agency error and that he was therefore a prevailing party under the statute. The Court of Federal Claims denied the motion, reasoning the remand was based on judicial economy rather than a finding or admission of agency error, and that Mr. Crawford was therefore not a prevailing party. *Crawford v. United States*, 157 Fed. Cl. 741 (2022) (*Fees Decision*). Mr. Crawford appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Section 2412(d)(1)(A) of Title 28 directs courts to award attorneys' fees and expenses incurred in civil actions against the government if: (1) the litigant is a "prevailing party"; (2) the "position of the United States" was not "substantially justified"; and (3) special circumstances do not make the award unjust. Because we conclude these conditions are satisfied,[1] we reverse.

---

[1]    The government bears the burden to establish the existence of special circumstances making the award unjust, *see, e.g.*, *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed. Cir. 1987), but did not contend, either before the Court of Federal Claims or on appeal, that such circumstances exist here.

## I

To be a prevailing party under § 2412(d)(1)(A), a plaintiff must receive "at least some relief on the merits of his claims." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001). Typically, it is readily apparent whether a decision grants a party relief on the merits and thereby confers prevailing party status. The Supreme Court has made clear, for example, that remands to district courts do not constitute relief on the merits or otherwise confer prevailing party status. *See Hewitt v. Helms*, 482 U.S. 755, 762 (1987). Where a decision remands a matter to an administrative agency for further proceedings, however, whether the plaintiff is prevailing may be less clear because, in some cases, "[s]ecuring a remand to an agency can constitute the requisite success on the merits." *Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006).

Accordingly, "we have developed tests [to determine] when court-to-administrative agency remands confer prevailing party status." *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007). Where, as here, the remanding court retains jurisdiction, a plaintiff is a prevailing party if the remand was "because of alleged error by the agency" and the plaintiff is successful in the remand proceedings. *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003). Remands "based on our recognition of agency error from the record," as well as judicial findings or agency concessions of error, confer prevailing party status. *Davis*, 475 F.3d at 1364–65 (citing *Kelly*, 463 F.3d at 1354 n.3). "[O]ur focus is on whether agency error was the reason," whether explicit or implicit, for the remand. *Id.* at 1364. In the absence of a judicial finding or agency concession of error, "the default rule is that the remand is not based on administrative error" and the burden is on the EAJA applicant "to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does

not say so." *Id.* at 1366. Whether a party is a prevailing party under § 2412(d)(1)(A) is a question of law we review de novo.[2]

We hold the Court of Federal Claims erred in concluding Mr. Crawford was not a prevailing party under § 2412(d)(1)(A). The Remand Decision provided "two principal reasons" for remand:

> [1] The ABCMR has not yet considered the findings of Dr. Kathryn R. O'Donnell. . . . As [the government] notes, it is possible once the ABCMR has considered this new evidence, some or all of plaintiff's requests for relief may be granted by that board. See ECF No. 7 at 4 (stating that "[i]f the ABCMR agrees with Mr. Crawford, it may obviate the need for further litigation"). [2] Further, once the ABCMR has created a more extensive record of the Army's consideration of all of Mr. Crawford's claims, that record would be essential to further litigation in this court, if the ABCMR again rejects Mr. Crawford's relief. See ECF No. 9 at 1-2 (stating the government "is seeking to have the ABCMR decide, for the first time, whether Mr. Crawford was unfit for duty at the time of his separation, a

---

[2]    The parties dispute, in part, the applicable standard of review. While the government agrees with Mr. Crawford that the ultimate question of whether a litigant is a prevailing party is a question of law subject to de novo review, it contends the Court of Federal Claims' determination that the government did not concede error in its Remand Motion is a finding of fact reviewed for clear error. We need not resolve this dispute because we conclude the Court of Federal Claims' determination that the government did not concede error must be reversed under either standard of review.

> determination that is <u>necessary</u> for Mr. Crawford
> to obtain the relief he seeks").

J.A. 83 (emphasis in original). The Court of Federal Claims reasoned Mr. Crawford was not a prevailing party because the remand for Mr. Crawford to receive the fitness determination he was previously denied was "rooted in concerns for judicial efficiency" rather than agency error. *Fees Decision*, 157 Fed. Cl. at 745. We do not agree.

While the Remand Decision *explicitly* invoked concerns for judicial efficiency, that does not preclude the conclusion that the remand was nevertheless *implicitly* predicated on agency error. The judicial efficiency achieved in this case was to provide Mr. Crawford with the process he was due either at the time of his discharge or during the pre-remand ABCMR proceedings—an omission the government repeatedly acknowledged in its Remand Motion and which the ABCMR subsequently determined was error. *See, e.g.*, J.A. 43 ("[I]t is undisputed that neither a PEB nor the ABCMR determined whether Mr. Crawford was fit or unfit for duty at the time of his separation from the Army National Guard."); J.A. 56 ("Because no competent board has made a fitness determination, a fact that is undisputed, we proposed a remand to the Army so that the ABCMR can make this necessary determination."); J.A. 132 (finding the Army "should have referred [Mr. Crawford]" to PDES "but failed to do so without adequate explanation"). But for this error, there would be no judicial efficiency in remanding the case for Mr. Crawford to obtain a fitness determination. If proper procedures had been followed, Mr. Crawford would have already received that determination and been granted medical retirement. J.A. 132 (finding Mr. Crawford's entitlement to medical retirement was apparent based on the "medical evidence available . . . at the time of [his] service separation without additional processing through PDES").

This case is therefore distinguishable from prior decisions in which we have held remands based "solely" on judicial efficiency do not confer prevailing party status. *See Gurley v. Peake*, 528 F.3d 1322, 1324 (Fed. Cir. 2008) (holding remand to avoid "piecemeal litigation" of "inextricably intertwined claims" did not confer prevailing party status where it was explicitly predicated on judicial economy and "nothing in the joint motion [for remand] [] suggest[ed] that the Board erred"); *see also Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1300 (Fed. Cir. 2012) (discussing *Gurley*). Here, the remand was necessary to cure the agency error. To the extent the remand was based both on judicial efficiency and agency error, the government concedes this is sufficient to confer prevailing party status. Oral Arg. at 21:40–22:10.[3] The Court of Federal Claims erred in determining the remand was "rooted in concerns for judicial efficiency" to the exclusion of agency error. *Fees Decision*, 157 Fed. Cl. at 745. Understood in context, the Court of Federal Claims' remand was implicitly predicated on agency error. *Cf. Kelly*, 463 F.3d at 1354–55 (rejecting the Veterans Court's interpretation of its remand order as being premised on offering the veteran the option to further pursue a claim and concluding the remand was predicated on the VA's erroneous neglect of evidence); *Davis*, 475 F.3d at 1365 (distinguishing *Kelly* as involving an "agency error [that], although not explicitly stated in the [] remand order, was nevertheless clear from the record").

To be sure, the Court of Federal Claims did not find in its Remand Decision that the failure to provide Mr. Crawford with a pre-discharge fitness determination was error. Nor did the government's Remand Motion characterize that omission as erroneous. Indeed, the Remand Motion expressly disclaimed any error. J.A. 43; J.A. 59. But courts

---

[3]    *Available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1585_03092023.mp3.

are not bound by a party's *characterizations* of its conduct in determining whether there has been a concession of error. It is the substance of the government's admissions that matter.

Here, the substance of the government's admissions amounts to an implicit concession of error in failing to refer Mr. Crawford to a PEB for a fitness determination. In requesting remand, the government repeatedly admitted Mr. Crawford did not receive a fitness determination prior to his discharge or during the pre-remand ABCMR proceedings. *See, e.g.*, J.A. 43; J.A. 56. Nor did the government dispute Mr. Crawford's allegations that, pursuant to Army Regulation 40-501, ¶ 10-25, he was entitled to—but did not receive—notification that he could request a PEB fitness determination regardless of whether his PTSD was incurred in the line of duty. *See* J.A. 22–23 at ¶¶ 39–42; J.A. 27–28 at ¶¶ 65–70; *see also* J.A. 257 (Army Regulation 40-501, ¶ 10-25 (Aug. 23, 2010)). Rather, the government urged that its requested remand would "address that alleged error," J.A. 58, and provide "the relief Mr. Crawford would likely receive if he successfully moved for judgment on the administrative record." J.A. 44; *see also* J.A. 57 (urging remand in lieu of merits briefing since "the likely result of such briefing (if Mr. Crawford were successful) is the very relief we are proposing now"). On remand, the ABCMR expressly found that these omissions were erroneous and that Mr. Crawford's medical records at the time of his discharge established he "was unfit due to PTSD and should have been medically separated from service." J.A. 132. Thus, viewed in the context of the full evidentiary record, the government's admissions that Mr. Crawford did not receive a fitness determination were, in fact, implicit admissions of error.

In sum, we conclude the Court of Federal Claims' Remand Order was predicated on agency error. There is no dispute Mr. Crawford was successful on remand while the Court of Federal Claims retained jurisdiction. Accordingly,

the Court of Federal Claims erred in concluding Mr. Crawford was not a prevailing party for purposes of § 2412(d)(1)(A).

## II

The availability of attorneys' fees and expenses under the EAJA also requires the "position of the United States" to have been not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Although the Court of Federal Claims did not reach this question because it determined Mr. Crawford was not a prevailing party, the parties agree the issue has been adequately briefed and can be resolved on appeal. Oral Arg. at 2:40–2:54, 27:09–27:17.

The government's position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To meet this standard, the government bears the burden to "show it has not persisted in pressing a tenuous factual or legal position." *Gavette v. Off. of Pers. Mgmt.*, 808 F.2d 1456, 1467 (Fed. Cir. 1986) (en banc) (internal quotation marks omitted). The "position" under review includes not only litigation positions taken by the government, but also "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991) ("[W]hen assessing whether to award attorney fees . . . the entirety of the conduct of the government is to be viewed, including the action or inaction by the agency prior to litigation.").

The government has not carried its burden to show its position was substantially justified in this case. It is now undisputed the Army erred by not referring Mr. Crawford to PDES and granting medical retirement in 2011 when Mr. Crawford was honorably discharged. Nevertheless, the government resisted the correction of Mr. Crawford's records and the award of benefits through years of unreasonable litigation. The government has not identified any

non-tenuous factual or legal support for that position. Indeed, the Army's own findings following the Court of Federal Claims' remand belie any argument to the contrary. On remand, the ABCMR determined the Army should have referred Mr. Crawford to PDES "but failed to do so without adequate explanation," a failure it characterized as an "injustice" and "deprivation of due process." J.A. 132. The ABCMR further determined "there was sufficient medical evidence available to render a decision regarding [Mr. Crawford's] fitness *at the time of separation without additional processing through PDES.*" J.A. 132 (emphasis added). In other words, the ABCMR determined not only that it was error to deprive Mr. Crawford of medical retirement in 2011, but also that the government's repeated demands for additional assessments and evidence were unnecessary in view of the records the government had already possessed for eight years.

An advisory opinion solicited by the ABCMR on remand denounced the government's failures in even stronger terms. That opinion, offered by the Army Review Boards Agency's Medical Advisor, concluded "significant harm has been committed upon Mr. Crawford through multiple errors of competency and possible errors of integrity in adjudicating what should have been a rather straightforward PEB/MEB case." J.A. 253. The Medical Advisor expressed that he could not "sufficiently emphasize [his] dismay at the treatment of a Solider who has served honorably at war" and noted he had not encountered such an egregious error in his "25 years in the Army." J.A. 253–54. As he aptly summarized: "This is absolutely not what right looks like in the Army." J.A. 253 (internal quotation marks omitted).

The government contends its position was nonetheless substantially justified because it has "reasonably worked to rectify potential errors in Mr. Crawford's discharge," including by requesting additional opinions regarding Mr. Crawford's medical state during the initial ABCMR

proceedings. Appellee's Br. at 51. We are not persuaded. On remand, the ABCMR found sufficient medical evidence existed as early as 2011 to grant Mr. Crawford the relief he did not receive until 2019. The government's solicitation of unnecessary additional evidence in the interim does not demonstrate the government's position was substantially justified. The government also contends its position was justified because it permitted Mr. Crawford to move for a correction of his records after the three-year deadline provided by 10 U.S.C. § 1552(b). Weighed against the totality of the government's conduct, that small grace does not constitute substantial justification. Permitting Mr. Crawford to seek correction of an error that should never have occurred can hardly justify the government's unwarranted opposition throughout the remainder of those proceedings.

## CONCLUSION

We have considered the parties' other arguments and find them unpersuasive. For the reasons given, we reverse the Court of Federal Claims' decision that Mr. Crawford is not entitled to attorneys' fees and expenses under § 2412(d)(1)(A) of the EAJA. We therefore remand for the Court of Federal Claims to consider, in the first instance, the quantum of attorneys' fees.

## REVERSED AND REMANDED

### COSTS

Costs are awarded to Mr. Crawford.