**ELBE PRODUCTS CORP.,**
Plaintiff-Appellee,

v.

**The UNITED STATES,**
Defendant-Appellant.

No. 87–1619.

United States Court of Appeals,
Federal Circuit.

May 16, 1988.

Steven P. Florsheim, Mandel & Grunfeld, New York City, argued for plaintiff-appellee.

John J. Mahon, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellant. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office.

Before DAVIS and SMITH, Circuit Judges, and COWEN, Senior Circuit Judge.

---

DAVIS, Circuit Judge.

This appeal involves the proper customs classification of "Viledon heel grips," manufactured in West Germany and imported into this country in 1977. The Court of International Trade (trial court) held, after a trial, that the merchandise was properly classifiable (as claimed by plaintiff-appellee) under item 359.60, Tariff Schedules of the United States (TSUS). *Elbe Products Corp. v. United States*, 670 F.Supp. 362 (C.I.T.1987). The Government appeals and we affirm.

### I.

The Viledon heel grips, used in shoe manufacture, are made by a process combining, in two-steps, a fiber component with a rubber component. The textile fibers are polyester, substandard polyester fiber, and cellulosic fibers, including rayon and acetate, which are mixed together and then carded, needled, and densified. Subsequently, the fibers are checked for broken needles and shrunk by hot steam, with a 27 percent shrinkage by area. The resulting mat is then immersed in a bath of latex rubber, pigment and antifoaming agents. The material is then heat shot in order to coagulate the rubber and dried so as to remove the moisture. A grinding process takes place and the resulting thick sheet is cut into four separate sheets. These thinner sheets are then reimpregnated with the latex rubber by being immersed in the bath a second time, ground, and heat shot to remove the moisture.

There was testimony, accepted by the trial judge, that the cost of the fiber, including expenses for machinery and overhead, was 116.47 German pfennig per square meter of the product, while the total cost of the rubber component was 158.84 pfennig per square meter. On this appeal, the Government does not challenge this finding that the rubber component is the material of chief value of the imported merchandise.

The Customs Service classified the merchandise under TSUS item 355.25, as nonwoven fabrics, whether or not coated or filled, of man-made fibers, at a duty rate of 12 cents per pound plus 15 percent ad valorem. Plaintiff Elbe Products Corp. (Elbe) primarily claimed that the correct classification was TSUS item 359.60, as "other" textile fabrics, not specially provided for, at a duty rate of 8.5 percent ad valorem. The trial court, as we have said, opted for the item 359.60 classification.

### II.

Although for this appeal the Government accepts the fact that rubber is the component of chief value [1] it argues that the rubber should be disregarded under the superior heading to item 355.25, TSUS, in part 4C to schedule 3, TSUS:

Webs, wadding, batting and nonwoven fabrics, including felts and bonded fabrics, and articles not specially provided for of any one or combination of these products, all of the foregoing, of textile materials, *whether or not coated or filled.* (Emphasis added.)

The Government adds that the content of the emphasized phrase, *supra,* is controlled by headnote 4(b) to Schedule 3—Textile Fibers and Textile Products—which declares:

In determining the component fibers of chief value in coated or filled, or laminated, fabrics and articles wholly or in part thereof, the coating or filling, or the non-textile laminating substances, shall be disregarded in the absence of context to the contrary.

We are unable to accept this contention as to the meaning of headnote 4(b) because it conflicts with the decision of our predecessor court, the Court of Customs and Patent Appeals, in *United States v. Elbe Products Corp.*, 655 F.2d 1107, 1111, 68 CCPA 72 (1981) (*Elbe I*). That ruling held that headnote 4(b) mandates disregard of the coating or filling substance only for the

---

1. Headnote 9(i) of TSUS provides that "'of' means the article is wholly or in chief value of the named material" and headnote 10(f) provides that "an article is in chief value of a material if such material exceeds in value each other single component material of the article."

purpose of deciding the nature of the component *fiber* in chief value:

> Headnote 4(b) is directed toward the determination of the component fiber of chief value and is applicable where it is necessary to decide whether vegetable fiber, wool, silk, or man-made fiber is the fiber in chief value. In making that determination, the coating, filling, or laminating substance is to be disregarded. *The headnote is no indication that it should be disregarded for other purposes.* (Emphasis added.)

In the current case, there is no question of the component *fiber* of chief value. The component of chief value has been found to be rubber, which is not a fiber. Moreover, Viledon contains only one class of fibers, i.e., man-made fibers, and there is no occasion to determine which of two fibers is of chief value.

The Government attempts to disparage and downgrade *Elbe I*, but that precedent is binding on this panel and we are not free to overrule or bypass it. We think it is plain here, as it was in *Elbe I*, that "[b]ecause the question of component fiber in chief value is not at issue in this case, application of headnote 4(b) is inappropriate." 655 F.2d at 1111. The result is that headnote 4(b) has no role in determining whether item 355.25 is the correct classification.

The Government-appellant also argues that, regardless of headnote 4(b), item 355.-25 must prevail over item 359.60 because the superior heading of the former item, *supra*, itself contains the phrase "whether or not coated or filled" after "of textile materials." It is difficult to see why this "whether or not" clause should have a different construction than that of headnote 4(b). But if that is the case the juxtaposition of the "whether or not" clause with "textile materials" seems simply to cover both fabrics which are coated and filled and those which are not so coated and filled—not to direct the disregarding of coating and filling in determining whether the fabric is "of textile materials." Moreover, the inferior heading of 355.25 directs that the fabric be "of man-made fibers." There is no indication that the coating or filling must be disregarded in deciding whether the imported product is in chief value of man-made fibers. Here, Viledon is not.

### III.

Item 359.60 (advanced by Elbe Products and accepted by the trial court) covers:

> Textile fabrics, including laminated fabrics, not specially provided for:
> 359.60    Other    8.5% ad val.

The Government's final contention is that Viledon cannot come under 359.60 because the term "Other" does not include non-textile fabrics like rubber, but at most non-textile fibers which can be made into textile materials. Though there is some legislative material which can be read to support this interpretation, it is not strong enough to overcome the statute's plain language including the unadorned and unqualified use of "Other" and the inclusion in the heading of "including laminated fabrics." Viledon can be considered a laminated textile fabric.[2] It is "not specially provided for" because it is not in chief value "of man-made fibers" as provided in item 355.-25 and no other provision in schedule 3 covers it.

### IV.

The merchandise with which we are concerned in this instance was imported in 1977 and the case is therefore not governed by the Trade and Tariff Act of 1984, Pub. L. No. 98–573, 98 Stat. 2943 (1984). We leave open, therefore, the issue whether the 1984 statute has any effect (on the result we have reached here) with respect to importation controlled by the 1984 Act.

AFFIRMED.

---

**2.** Headnote 2(a) of schedule 3, subpart C defines "coated or filled" as used with reference to textile fabrics and other textile articles, including use of rubber. Lamination is a form of "coating or filling."