BERGEN HUDSON ROOFING CO., INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 81–12–01629, etc.

(Dated December 28, 1989)

*Errol Blank* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, (*John J. Mahon*), Civil Division, United States Department of Justice for defendant.

## OPINION

RESTANI, *Judge:* Plaintiff's attorney has filed an application seeking attorneys fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1982 & Supp. V 1987). Among the applicant's burdens is the burden of alleging that the government's position was not "substantially justified," which shall be determined on "the record * * * which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B) (as amended). The applicant made its allegation and defendant responded indicating its reasons for non-capitulation at various stages. The applicant replied by letter alleging that the government's reasoning was faulty.

As the court understands the facts of this case, soon after resolution of an appeal regarding classification of a different product, but involving a legal issue, which the parties agreed was applicable to this case, stipulated judgments were signed by the court concluding the cases at hand. The appellate case precipitating the resolution was *Elbe Products Corp.* v. *United States,* 846 F.2d 743 (Fed. Cir. 1988). Because no litigation regarding the substantive issues occurred before the court in these cases, there is nothing in the record of these cases permitting assessment in the usual manner of whether or not the government was substantially justified in its position in these cases or when it might have ceased to be justified.

Assuming *arguendo* that the court may look outside the record of these cases, it is not clear which case would provide a suitable proxy record or whether such a record resolves any of the relevant issues. That is, the *government prevailed* in *V.G. Nahrgang Co. S/A Anthony Packaging* v. *United States* 6 CIT 85, *reh'g den.,* 6 CIT 210 (1983), *aff'd* 741 F.2d 1363 (Fed. Cir. 1984), the original test case under which some of the actions before the court were suspended. In *Bowe Co.* v. *United States,* Court No. 83–11–01590 (CIT July 14, 1988), another test case covering these actions, a consent judgment was entered in plaintiff's favor following the *Elbe Products* decision. As the case was settled the court never finally examined the merits of *Bowe,* and an interim memorandum indicates that the proper classification applicable to the product at issue in *Bowe* was not clear to the court. The cases at hand were never suspended under *Elbe Products*, although the *Bowe* case was stayed at a late point in its history pending appellate resolution of *Elbe.*

In any case, it may not be permissible to look outside the record, in other words to judge the parties' conduct on the basis of their actions in related litigation. *See United States* v. *1378.65 Acres of Land,* 794 F.2d 1313, 1317 (8th Cir. 1986) (analysis of substantial justification is limited to the record "[s]o as to prevent a fee application * * * from sprouting into a second major litigation * * *"). Although the court is to look at the law in existence at the time of the litigation whatever its source, *Devine* v. *Sutermeister,* 733 F.2d 892, 895 (Fed. Cir. 1984), the facts and parties' reactions to developments in the law can only be judged on the basis of the record of the action. *See Bailey* v. *United States,* 721 F.2d 357, 360–61 (Fed. Cir. 1983).[1]

In this litigation plaintiff chose the test case mechanism as well as particular test cases. It chose not to actively litigate the cases now before the court. The records of these cases show no attempt to obtain immediate judgments, but they do show reasonably prompt resolution following *Elbe Products.*[2] The court can only conclude from this record of multiple test cases with varying results, and ultimate resolution based on an entirely separate case, that the law as applied to the particular product at issue was sufficiently unsettled so that litigation was justified.[3] EAJA fees may be denied based on the existence of special circumstances, such as unsettled law. *Traveler Trading Co.* v. *United States,* 13 CIT 380, 713 F. Supp. 409, 413 (1989) (citing *Donovan* v. *Miller Properties, Inc.* 547 F. Supp. 785, 790 (M.D. La. 1982), *aff'd on other grounds,* 711 F.2d 49 (5th Cir. 1983)).

Basically, what is before the court in the record of these particular cases are summonses, judgments, suspension papers and some extension of time papers. Surely, if substantial fees were incurred it was in connection with some other action or actions. If fees are to be awarded, ordinarily they should be awarded in connection with cases with a record of some action so that liability for fees can be judged properly. The court cannot award fees merely because plaintiff obtained favorable judgment in these cases. *See Gavette* v. *Office of Personnel Management,* 808 F.2d 1456, 1456–66 (Fed. Cir. 1986). For all of the reasons mentioned the court concludes that based on this record the court must find that either defendant was "substantially justified," or "special circumstances" exist which makes "an award of fees unjust." 28 U.S.C. § 2412(d)(1)(A) (as amended).

As the court finds, based on the record and the language of the statute, that an award of fees is not permissible in these cases, it need not address such other interesting questions as whether the

---

[1]If the concept of the record could be expanded so that the record of a test case may be reviewed for fee purposes as to the cases suspended thereunder, such exception shold not be applied where multiple test cases have been deemed suitable and where one was resolved in the government's favor.

[2]If any delay did occur, it did not appear to be troubling to plaintiff, or to occasion fees.

[3]The prior precedents cited by the parties in this fee litigation and in *Bowe* are not harmonized easily. Likewise, the legislative history of the various tariff provisions which might be applicable is confused. *See Elbe Products,* 846 F.2d at 745.

claim for fees was abandoned as part of a settlement, whether sufficient documentation of fees was presented, or even if the fees sought are sufficiently related to this litigation so as to be covered by the applicable law. The application is denied.