TAKASHIMA USA INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82–05–00654 etc.

(Decided January 15, 1992)

*Mandel and Grunfeld* (*Steven P. Florsheim*) for the plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*John J. Mahon*) for the defendant.

MEMORANDUM AND ORDER

AQUILINO, *Judge*: The above-numbered action and similar actions docketed as 82–06–00793, 83–03–00391, 83–04–00552, 83–07–01057, 84–07–00976, 84–11–01679, 85–04–00572, 85–10–01465 and 86–03–00299 were reassigned to me for disposition on January 8, 1991. Each of these actions had been suspended under *Elbe Products Corp. v. United States*, No. 78–09–01642, a test case within the meaning of CIT Rule 84(b), the final disposition of which is reported at 11 CIT 518, 670 F.Supp. 362 (1987), *aff'd*, 846 F.2d 743 (Fed. Cir. 1988).

On January 16, 1991, this court granted a consent motion for the above actions to remain on the *Elbe Products* suspension disposition calendar, albeit upon written admonition to counsel. Since then, counsel have met with the court on March 28 and September 30, 1991 to discuss the status of the actions, and the time for them to remain on the indicated calendar was thrice extended, through January 7, 1992.

Comes now the plaintiff with a Consent Motion to File Out of Time, the sum of which is as follows:

> This motion is necessitated by the fact counsel for plaintiff had prepared a motion for suspension for filing with the Court on January 7, 1992, but inadvertently said motion was not delivered to the U.S. Postal Service for filing (and service) on that date.

Accordingly, this case is subject to dismissal by the Clerk's office for failure to prosecute the claim. Leave to file out of time will permit plaintiff to file the enclosed Consent Motion for Suspension. It is respectfully urged that this Motion be granted in the interests of justice and equity as it is submitted that the error of counsel to deliver the Motion to the Post Office for service and filing constituted excusable neglect.

This is the first request that plaintiff has made for leave to file out of time in this matter.

Undersigned counsel telephoned Government Counsel * * *, [who] consented to this motion.

The court accepts counsel's representation as to filing, but it cannot, and therefore does not, accept the implication that grant of the requested relief would further the goals espoused in the first rule of practice of the Court of International Trade.

The motion at bar makes mention of an enclosed Consent Motion For Suspension, which the court has perused. That motion seeks suspension under *Takashima USA Inc. v. United States*, Court No. 88–03–00252, which apparently has been designated a test case. The motion makes an attempt to explain the nature of the issues of fact and of law involved, but it makes no attempt whatsoever to explain why the above-numbered actions were not resolved, or resolvable, under the 1978 test case concluded in 1988 or why it has taken until 1992 to opt for another, arguably controlling, test case.

As this court has held, "[w]hen formal, interlocutory relief becomes necessary, motions therefore must be presented in such a way as to convince the court that grant is appropriate." *Fada Industries, Inc. v. United States*, 14 CIT 645, Slip Op. 90–89, at 4 (Sept. 7, 1990), citing *Proceedings of the Second Annual Judicial Conference of the U.S. Court of Int'l Trade*, 111 F.R.D. 504, 586 (1985) (Aquilino, J.). Plaintiff's motions fail completely in this regard. Furthermore, it is not evident that the plaintiff(s) in the above actions have not had a full and fair opportunity to be heard over the years. Hence, plaintiff's motion to file out of time must be denied, and each of the above-numbered actions must be, and hereby is, dismissed for lack of prosecution.