**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**MILLER PROPERTIES, INC., a corporation, Defendant-Appellee.**

No. 82–3722.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1983.

---

Ruth E. Peters, Patricia Saik, Dept. of Labor, Washington, D.C., for plaintiff-appellant.

Power & McDonald, Thomas W. Power, Robert D. McDonald, Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, GEE and POLITZ, Circuit Judges.

PER CURIAM:

This brief discourse concerns two subjects near and dear to the hearts of many Americans: food and the minimum wage. The question we are asked to answer is when may food be a part of the minimum wage.

Relevant to our determination are a statute, a regulation promulgated by the Secretary of Labor construing that statute, and the Secretary's interpretation of his regulation.

The statute is section 3(m) of the Fair Labor Standards Act, 29 U.S.C. § 203(m), which allows an employer to credit toward its obligation to pay the minimum wage "the reasonable cost . . . of furnishing [an] employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." The regulation is 29 C.F.R. § 531.30 (1982), which provides that board, lodging, or other facilities are "furnished" for purposes of section 3(m) only where the employee's acceptance of them is "voluntary and uncoerced." The Secretary's interpretation of this regulation requires "employee choice": Acceptance of a section 3(m) in-kind benefit is not "voluntary and uncoerced" unless the employee is regularly given the option of receiving his entire minimum wage in cash.

Relying on this interpretation, the Secretary sued Miller Properties for violating its duty to pay the minimum wage. A stipulation of facts by the parties distilled the case into a single issue: whether the Secretary's "employee choice" construction of 29 C.F.R. § 531.30 is valid.[1] The district court found this construction inconsistent with the plain language of section 3(m) and entered judgment for Miller. 547 F.Supp. 785 (M.D.La. 1982). We affirm on the basis of *Davis Bros, Inc. v. Donovan,* 700 F.2d 1368 (11th Cir.1983). That court's reasoning is adopted as the reasoning of our decision here.

AFFIRMED.

---

1. The stipulation provided that Miller's employees are paid a minimum wage composed partially of cash and partially of a section 203 "meal credit." This method of compensation is mandatory. No employee is afforded any choice. Some employees would prefer their wages in cash. All job applicants are apprised of the compensation scheme before they accept employment. Miller customarily furnishes meals to its employees, and the meal credit it takes is reasonable.