**TRAVELER TRADING CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 85–09–01159.**

United States Court of International Trade.

May 8, 1989.

Galland, Kharasch, Morse & Garfinkle (Marc C. Ginsberg), Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Mark S. Sochaczewsky), New York City, for defendant.

## MEMORANDUM DECISION AND ORDER

DiCARLO, Judge:

■ Pursuant to Rule 68 of the Rules of this Court, Traveler Trading Co. (applicant) has filed for attorneys' fees and other expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Supp. V 1987). The Court grants the application because the defendant has failed to show that the government's position was "substantially justified" or that special circumstances exist which would make an award of fees and expenses unjust. The Court excludes from the applicant's EAJA award any fees and expenses incurred prior to preparation and filing of the summons and complaint, those fees and expenses incurred in defending against the defendant's motion to dismiss, and those fees and expenses related only to any entry dismissed for lack of jurisdiction.

## BACKGROUND

The applicant imported adult Halloween costumes, which the United States Customs Service (Customs) classified as "wearing apparel" under various items of the Tariff Schedules of the United States (TSUS). Applicant filed protests, claiming that adult costumes are classifiable under item 737.-95, TSUS, as "other toys not specially provided for", in the same manner as children's Halloween costumes. This Court dismissed applicant's action as to ten of eleven entries for lack of jurisdiction. *Traveler Trading Co. v. United States*, 11 CIT ——, Slip Op. 87-143, 1987 WL 31146 (Dec. 30, 1987). The parties then entered into settlement negotiations on the remaining entry, during the course of which Customs reconsidered the classification of adult Halloween costumes and determined that

there is no reasonable basis for distinguishing between adult and children's Halloween costumes of the same class or kind. These are costumes which are flimsily constructed and possess no significant utilitarian value. They are chiefly used for amusement by children and adults who wear them for Halloween festivities. These costumes are distinguishable from theatrical costumes or religious and folk-life regalia which are detailed, well-constructed, and intended for a specific use other than mere amusement.

Headquarters Ruling Letter 82626, at 2 (Sept. 29, 1988). The parties submitted an agreed statement of facts and stipulated judgment reclassifying applicant's merchandise as toys, which the Court entered as a decision and judgment. Applicant then filed an EAJA petition to recover its attorneys' fees and expenses incurred in contesting Customs' classification.

## DISCUSSION

The EAJA offers a mechanism by which parties can collect attorneys' fees and other expenses against the United States. The EAJA provides that unless otherwise specifically provided by statute,

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (Supp. V 1987).

Defendant argues that the position of the government was substantially justified, that special circumstances exist which would make an award of fees and expenses unjust, and that applicant's claimed fees and expenses are excessive.

The government bears the burden of establishing that its position was substantially justified or that special circumstances should preclude an award under the EAJA. *Covington v. Department of Health & Human Services*, 818 F.2d 838, 839 (Fed.Cir. 1987). Should the government be unable to bear this burden, the court must award fees and expenses. *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed.Cir.1987).

## I. SUBSTANTIAL JUSTIFICATION

Defendant argues that the government's position was substantially justified because (1) at the administrative level, Customs had a reasonable basis for distinguishing between adult and children's costumes as there was no uniform and established practice or case precedent for classifying adult Halloween costumes, and (2) shortly after the answer to the complaint was filed, Customs voluntarily acquiesced in applicant's classification claim, and there is no evidence of a recalcitrant position or improper motive on the part of Customs.

The test for substantial justification is one of reasonableness in both fact and law. *Pierce v. Underwood*, —— U.S. ——, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988); *Beta Sys., Inc. v. United States*, 866 F.2d 1404, 1406 (Fed.Cir.1989). Substantial justification requires that the government's position be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 108 S.Ct. at 2550; *Owen v. United States*, 861 F.2d 1273, 1274 (Fed.Cir.1988).

In assessing substantial justification, the position of the United States includes the agency's position both at the administrative level and during litigation. 28 U.S.C. § 2412(d)(2)(D) (Supp. V 1987) (defining "position of the United States"); *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed.Cir.1987); H.R. Rep. No. 120, 99th Cong., 1st Sess. at 9, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 137.

### A. *The Government's Position at the Administrative Level*

There is no dispute that children's Halloween costumes are classifiable as toys.

*See, e.g., Spearhead Indus. v. United States,* 6 CIT 176, 182, 1983 WL 2205 (1983). Defendant asserts, however, that at the administrative level it had a reasonable basis for differentiating between adults and children in its classification of Halloween costumes as there was neither a uniform or established practice nor any case precedent in classifying adult costumes. Following liquidation of the plaintiff's entries, Customs explained its rationale for distinguishing between childrens' and adult costumes:

> Adult party costumes must be viewed as a class kind of merchandise, irrespective of their relative cost or quality of construction. Unlike children's costumes, which as a class are likely to be amusing *per se* to children because of the wearer's identification with the theme or character of the costume, adult costumes are, like certain formal wear, specialized garments primarily used in social contexts in which the garments' potential for amusement is no more than a secondary factor.

Headquarters Ruling Letter 76417, at 3 (Sept. 15, 1986).

Schedule 7, part 5, subpart E, headnote 2, TSUS, defines the term "toy" as "any article chiefly used for the amusement of children or adults." Commenting upon this statutory language, this court has stated that the fact that an article may have other uses does not preclude it from classification as a toy as long as its chief use is for amusement. *J.C. Penney Purchasing Corp. v. United States,* 10 CIT 727, 730, 1986 WL 13453 (1986). As to the classification of garments as toys, the Court of Customs and Patent Appeals stated that an item is a toy if "the purpose of an object is to give the same kind of enjoyment as playthings give, its purpose is amusement, whether or not the object is to be . . . worn." *United States v. Topps Chewing Gum, Inc.,* 58 CCPA 157, 159, C.A.D. 1022, 440 F.2d 1384, 1385 (1971).

In a ruling on the classification of Halloween costumes comprised of inflatable heads and matching poncho capes, Customs stated that:

> An article is considered a toy if its chief use is to give its user some kind of frivolous enjoyment or amusement. The imported costume has no significant utilitarian value. The poncho cape, for example, provides little protection from the wind or rain because the user's arms and shoulders remain exposed, and the font and back panels cannot be secured against a wind. Accordingly, the imported costumes are toys.

*Traveler Trading Co.'s Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act,* Appendix 5, Headquarters Ruling Letter 65052, at 3. This ruling made no distinction between childrens' and adult costumes.

Defendant states that a distinction between adult and children's costumes is reasonable since the quality and merchandising of the costumes as they related to chief use were factual issues to be determined on a case by case basis. Certainly expensive, well-constructed ballroom gowns, safari outfits, certain types of uniforms, and other adult garments may serve both as Halloween costumes and wearing apparel, and, therefore, could have more than one function. In such cases, the trial court would have to determine the garments' primary function for classification purposes. *Carling Elec. Co. v. United States,* 3 Fed. Cir. (T) 109, 113, 757 F.2d 1285, 1288 (1985). Here, however, the costumes are of witches, pirates, and the like, which are "flimsily constructed and possess no utilitarian value." Headquarters Ruling Letter 82626, at 2 (Sept. 29, 1988). Given the flimsy construction and nature of these costumes, they have no practical application as wearing apparel and serve only to amuse. These costumes could not be reasonably classified as wearing apparel under the statute or case law. Accordingly, the Court finds that defendant has failed to show a reasonable basis in fact or law for its position at the administrative level in classifying these adult costumes as wearing apparel.

## B. The Government's Litigation Position

The defendant argues it would be unwarranted to find that the government lacked

substantial justification, because Customs voluntarily acquiesced in Traveler's classification claim during settlement negotiations and there is no evidence of a recalcitrant position or improper motive on the part of Customs.

Congress intended that attorney's fees be awarded when an unjustifiable agency action forces litigation, and the agency then tries to avoid liability by reasonable behavior during the litigation. *Andrew v. Bowen,* 837 F.2d 875, 879–80 (9th Cir.1988); *Russell v. National Mediation Bd.,* 775 F.2d 1284, 1291 (5th Cir.1985); H.R.Rep. No. 120, 99th Cong., 1st Sess. at 11, *reprinted in* 1985 U.S.Code Cong. & Admin. News 132, 140. Given the unreasonableness of classifying these flimsy Halloween costumes as wearing apparel, neither the government's prompt acquiescence in settlement nor the absence of improper motive or recalcitrant position on the part of the government warrants a finding that the position of the United States was reasonable in fact and law. The Court finds that the defendant has failed to sustain its burden of showing that the government's position was substantially justified.

## II. SPECIAL CIRCUMSTANCES

An EAJA petition may also be denied when the government can show that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1987). The defendant argues that special circumstances exist which preclude an EAJA award because the government advanced a novel and credible legal theory in good faith.

Special circumstances have been recognized where the government unsuccessfully advanced novel and credible legal theories in good faith, *American Air Parcel Forwarding Co. v. United States,* 12 CIT ——, 697 F.Supp. 505, 507 (1988), or where an area of law is unsettled, *Donovan v. Miller Properties, Inc.,* 547 F.Supp. 785, 790 (M.D.La.1982), *aff'd on other grounds,* 711 F.2d 49 (5th Cir.1983). While defendant argues that both these grounds apply in this case, defendant has provided essentially the same reasons for the existence of

special circumstances as it did in its argument that the government was substantially justified in its classification the applicant's merchandise; *viz.* that although there was a well-established tariff classification for children's costumes as toys, there was no established administrative practice in classifying adult Halloween costumes. Since the defendant has failed to establish substantial justification in classifying adult Halloween costumes as wearing apparel, the Court does not conclude that the same arguments are persuasive to show that the government presented in good faith a novel and credible legal theory. The Court finds that the defendant has failed to establish that special circumstances exist which would make an award of fees and expenses under the EAJA unjust.

## III. QUANTUM OF APPLICANT'S EAJA AWARD

### A. *Fees and Expenses Incurred Prior to Summons and Complaint*

Applicant claims fees and expenses incurred in filing its protests with Customs and in requesting a ruling from Customs on the classification of its merchandise.

An EAJA award is limited to fees and expenses incurred in the civil action or in an "adversary adjudication" at the administrative level. 28 U.S.C. § 2412(d)(1)(A) & (d)(3) (Supp. V 1987). "Adversary adjudication" is defined in the Administrative Procedures Act (APA) as "an adjudication under [5 U.S.C. § 554] in which the position of the United States is represented by counsel...." 5 U.S.C. § 504(b)(1)(C) (Supp. V 1987). A denial of a protest is not an adversarial adjudication because it is neither an adjudication under 5 U.S.C. § 554 nor is the position of the United States represented by counsel at the administrative level.

In addition, even if a protest action before Customs were an adversarial adjudication, 5 U.S.C. § 504 applies only to an:

adjudication required by statute to be determined on the record after opportunity for an agency hearing, *except* to the extent that there is involved—

(1) a matter subject to a subsequent trial of the law and the facts de novo in a court....

5 U.S.C. § 554 (1982) (emphasis added). Since Customs' denial of a protest is reviewed *de novo* before the Court of International Trade, it would fall under the exception in 5 U.S.C. § 554(a)(1). *See* 28 U.S.C. § 2640(a)(1) (1982); *Ferrostaal Metals Corp. v. United States*, 11 CIT ——, 664 F.Supp. 535, 537 (1987). Therefore, the applicant's claim for fees and expenses is limited to those incurred in the civil action, which commenced with the preparation and filing of a summons and complaint with the clerk of court. Moreover, fees and expenses incurred by the applicant at the administrative level are not recoverable even though the resulting work product was used in any aspect of the civil action. The applicant's obligation on these fees and expenses would exist even if the civil action had not commenced.

### B. *Fees and Expenses Related to the Dismissed Entries*

■ Applicant also claims fees and expenses incurred in defending against the defendant's motion to dismiss for lack of jurisdiction, which resulted in the dismissal of ten of the applicant's eleven entries. *Traveler Trading Co. v. United States*, 11 CIT ——, Slip Op. 87–143, 1987 WL 31146 (Dec. 30, 1987). The EAJA requires that an action be brought before a court having jurisdiction. 28 U.S.C. § 2412(b) and (d)(1)(A) (Supp. V 1987); *Oliveira v. United States*, 827 F.2d 735, 742 (Fed.Cir.1987). The Court never had jurisdiction over the ten entries. Since a court may not rule on matters over which it has no jurisdiction, the Court also excludes from the applicant's award any fees and expenses related to its defense against defendant's motion to dismiss.

■ The defendant argues since ten of eleven entries were severed and dismissed for lack of jurisdiction, *see Traveler Trading Co.*, 11 CIT at ——, Slip Op. 87–143 at 7, the applicant "lost" approximately 91 percent of its case and its claimed fees and expenses should be reduced by the same percentage. The Court disagrees. Although only one entry remained after the motion to dismiss, the classification issue was the same for each entry, and could require substantially the same amount of time and expense. It would be inappropriate to reduce the award by an arbitrary percentage unrelated to the actual time and work expended. To the extent that research or other work was done solely on any dismissed entry, the Court declines to make an award for these fees or expenses. For example, the Court will not award the expense incurred in copying a denied protest that was not timely appealed. The applicant must itemize these fees and expenses in an amended application.

### C. *Other Expenses*

The defendant contends that an EAJA petitioner may include only copying costs as out-of-pocket expenses, and that claims for postage, express-mail service, long-distance telephone charges, couriers, transportation, and publications should be disallowed.

The EAJA states that " 'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case...." 28 U.S.C. § 2412(d)(2)(A) (Supp. V 1987). Our court of appeals has held that this list of recoverable expenses is representative rather than exclusive. *Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir.1987).

The EAJA permits recovery of all reasonable and necessary expenses incurred or paid in preparation for trial of the specific case before the court, which are customarily charged to the client. *Id.* The quantum and method of proving each allowable expense is discretionary with the trial court. *Id.* Unless the defendant contests the affidavit that these expenses were incurred or disputes that the expenses are not customarily charged to the client, the Court will allow the claimed expenses.

Finally, defendant avers that the bill for legal fees from Jones, Day, Reavis & Po-

gue does not indicate how the work was related to this case.

An applicant must itemize fees and expenses with sufficient specificity to allow the court to determine what work is being claimed. *See Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed. Cir.1987). If the applicant cannot specify in its amended application whether these fees were incurred at the administrative level or in this action, they will be excluded.

## CONCLUSION

The Court finds that the position of the government was not substantially justified, and that the defendant has not shown the existence of any special circumstances that would make an award of attorneys fees unjust. The Court grants the application for attorneys' fees and other expenses including those incurred in preparing and defending its EAJA application. *See Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir.1987); *Schuenemeyer v. United States*, 776 F.2d 329, 333 (Fed.Cir.1985). The Court excludes from the EAJA award those fees and expenses incurred prior to the preparation and filing of the summons and complaint, those fees and expenses incurred in defending against defendant's motion to dismiss, and fees or expenses related only to any entry dismissed for lack of jurisdiction.

Prior to filing an amended application, the parties shall consult on the amount of recoverable fees and expenses. The applicant shall then file an amended application for fees and expenses in conformity with this opinion.