ICI WORLDWIDE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89–06–00378

(Decided March 27, 1990)

*Leonard M. Fertman* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, Commercial Litigation Branch, International Trade Field Office (*Mark S. Sochaczewsky*) and *Chi S. Choy,* United States Customs Service, for defendant.

OPINION AND ORDER

RESTANI, *Judge:* Pursuant to Rule 68 of this court, counsel for ICI Worldwide, Inc. (applicant) has applied for attorneys' fees and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982 & Supp. V 1987) (EAJA). The applicant imported Halloween costumes, which the United States Customs Service (Customs) classified as "wearing apparel" under item 384.94 of the 1987 Tariff Schedules of the United States (TSUS). The applicant protested, alleging that the merchandise was properly classifiable as either "toy figures" under TSUS item 737.40 or "toys" under TSUS item 737.98. These protests were denied on the basis that the merchandise consisted of "adult costumes" which, *ipso facto,* were considered to be wearing apparel. This action was filed challenging denial of the protests.

Prior to taking any action on the protests at issue Customs issued Headquarters Ruling Letter 082626 (Sept. 29, 1988)[1] which states in relevant part:

> there is no reasonable basis for distinguishing between adult and children's Halloween costumes of the same class or kind. *These are costumes which are flimsily constructed and possess no significant utilitarian value.* They are chiefly used for amusement by children and adults who wear them for Halloween festivities. These costumes are distinguishable from theatrical costumes or religious and folk-life regalia which are detailed, well-constructed, and intended for a specific use other than mere amusement.

*Id.* at 2 [emphasis in original].

Applicant asserts that there are no relevant distinctions between the merchandise discussed in the ruling letter and that at issue here. Defendant claims otherwise, but in its answer in this case it "[A]dmits that a Customs Service Headquarters Ruling issued subsequent to the date of importation reached a different conclusion with respect to the classification of the merchandise covered by the ruling." Its only explanation of why the ruling does not apply is that the costumes discussed in the ruling letter were not "full body" costumes. Defendant's Response to

---

[1] Apparently a ruling on the same question but analyzed under the Harmonized Tariff System was issued under the same number on December 21, 1988.

Plaintiff's Application for Fees and Other Expenses at 8. The significance of such a distinction eludes the court, and defendant has not argued that the costumes are other than flimsy, inexpensive, and without significant value except as amusing Halloween items.[2] These would appear to be the relevant factors.

Thus, the record here indicates that, despite a headquarters ruling letter on point asserting that the distinction Customs was drawing between adult and children's costumes was unreasonable, Customs denied the protests based on the "unreasonable" distinction. Under these facts the court cannot find Custom's position substantially justified, nor do any special circumstances exist which would prevent an award of fees.

While the case of *Traveler Trading Co.* v. *United States,* 13 CIT 380, 713 F. Supp. 409 (1989) involves the very ruling discussed here and also resulted in an award of fees, the decision here is based on the record of this action, not on the record in *Traveler.* The discussion of the law in this area found in *Traveler* is relevant, however, and the court refers the reader to sections I and II of that opinion. *See* 713 F. Supp. at 411–13. Because Custom's conduct in denying the protests was unjustified, the fees and expenses of this action are to be awarded even though defendant admitted liability in its answer to the complaint herein. Defendant's reasonable litigation conduct does not change the agency's prior conduct. Plaintiff should not have been put to the expense of commencing a lawsuit. *See id.* at 413.

Defendant does not object to applicant's list of expenses or fee causing activity but it does object to the claimed rate of $250 per hour, for 9.5 hours of work performed, and cites EAJA's $75 per hour limit, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court of Appeals for the Federal Circuit apparently has not adopted a position that cost of living increases are to be automatically awarded based on the amount of time passed since enactment of the EAJA. *Cf. Oliveira* v. *United States,* 827 F.2d 735, 743–44 (Fed. Cir. 1987). Furthermore, this case was resolved promptly. Therefore, its length could not occasion a cost of living increase to the statutory hourly rate. As the applicant made no showing of special circumstances the award is limited by the statutory $75 rate. Accordingly, the applicant is awarded $187.55 in expenses and $712.50 in fees.

---

[2] In its answer defendant admitted that the Halloween costumes are "inexpensive" and of "man-made fiber."