**John V. URBANO, Plaintiff,**

**v.**

**The UNITED STATES; the United States Department of Treasury; Nicholas F. Brady, Secretary of the Treasury; Carol Boyd Hallett, Commissioner of Customs, United States Customs Service; John H. Heinrich, District Director of Customs, Los Angeles Customs District, Defendants.**

**Court No. 91-03-00235.**

United States Court of International Trade.

Dec. 20, 1991.

Politis, Pollack & Doram, John N. Politis, Los Angeles, Cal., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Pamela G. Larrabee, Carla Anderson Johnson, U.S. Customs Service, of counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

CARMAN, Acting Chief Judge:

Plaintiff moves for attorney's fees and expenses incurred in his action challenging the United States Customs Service's ("Customs") revocation of his Customs brokers license. Plaintiff's application for attorneys' fees and expenses is made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (1988).

The Court denies Plaintiff's application for attorneys' fees and expenses, holding that the position of Customs at both the agency level and litigation stage was substantially justified within the meaning of the law.

### Background

The underlying action involved certain issues surrounding Plaintiff's surrender of his Customs brokers license to the United States Customs Service pursuant to 19 C.F.R. § 111.51(b).[1] The surrender of Plaintiff's license was the result of a De-

---

1. 19 C.F.R. § 111.51(b) (1990) provides in full: The Commissioner [of Customs] may cancel a broker's license or permit 'with prejudice' when specifically requested to do so by the broker. The effect of a cancellation 'with prejudice' is an all respects the same as if the license or permit had been revoked for cause by the Secretary.

cember 5, 1990, meeting between Plaintiff and two Special Agents of the Customs Service, Jacqueline A. Johnson and Thomas Crotty.

At the December 5 meeting, Plaintiff was informed that he and Royal International ("Royal"), Plaintiff's former brokerage business, were "under investigation ... regarding [Plaintiff's] business practices as well as possible criminal violations resulting from those business practices." *Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction and Waiver of Security ("Defendants' Memorandum")* at Exh. C (Declaration of Thomas Crotty, April 2, 1991 *("Crotty Decl.")* ¶ 11). Plaintiff was advised that the purpose of the meeting was to inform him that Customs intended to proceed with the revocation of his brokers license on account of the violations. *Defendant's Memorandum* at Exh. C (Declaration of Jacqueline A. Johnson, Apr. 1, 1991 *("Johnson Decl.")* ¶ 8). According to Special Agent Johnson, an audit report disclosed numerous violations against Plaintiff and revealed that Royal had embezzled Customs duties, written checks to Customs on an account containing insufficient funds, and failed to comply with other Customs regulations. *Johnson Decl.* ¶ 5. Plaintiff was shown a copy of the audit report at the meeting.

During the course of the December 5 meeting, Plaintiff asked the Special Agents if he could settle the matter. Special Agent Crotty advised Plaintiff that he could surrender his license with prejudice. Plaintiff surrendered his brokers license with prejudice two days later, on December 7, 1990. That same day, Special Agent Crotty informed the United States Attorney's Office in Los Angeles of the events just described; Special Agent Crotty was told by the United States Attorney's Office

that it was declining prosecution of the case. *Crotty Decl.* ¶ 20.

By letter dated January 18, 1991, Plaintiff's counsel informed Special Agent Crotty that he was withdrawing his surrender of his brokers license. This was followed by another letter dated January 28, 1991, that was sent via facsimile to the Commissioner of Customs ("Commissioner") wherein Plaintiff stated that any surrender of his license was null and void.[2] On January 30, 1991, the Commissioner notified Plaintiff by letter that his brokers license had been canceled with prejudice.

Plaintiff then commenced the underlying action in this case by filing a summons and complaint. In his complaint, Plaintiff alleged that the surrender of his Customs brokers license was involuntary because it was psychologically coerced by the Customs Special Agents and induced by false promises.

Following several weeks of settlement discussions, a stipulated judgment was entered into by the parties, which was signed by the Court on April 22, 1991. The stipulated judgment designated Plaintiff as the "prevailing party" in the underlying action. *Stipulated Judgment of April 22, 1991* ¶ 4. The stipulated judgment further provided that the "settlement does not constitute an admission of liability or fault on the part of the defendant United States of America," nor would it "preclude plaintiff from asserting his rights to attorney fees and costs under 28 U.S.C. 2412(d)(1)(A)." *Id.* ¶ 8.

### Discussion

Under the EAJA "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or special circumstances make an

**2.** While there is no documented evidence before the Court of the existence of the January 28 letter, both parties acknowledge its existence. *See Plaintiff's Reply to Defendant's Opposition to Motion for Attorney's Fees and Costs* at 7; *Defendant's Memorandum* at 3–4. As discussed elsewhere in this opinion, Plaintiff is not able to

show that the Commissioner had received and reviewed the letter prior to the January 30 cancellation. This is not to suggest that had the Commissioner been aware of counsel's letter prior to January 30, she would in some way have been obligated by law to defer cancellation of the license.

award unjust." 28 U.S.C. § 2412(d)(1)(A) (1988). There is no dispute in this case that under the stipulated agreement in the underlying action Plaintiff was the "prevailing party." Therefore, the only question before the Court is whether the government has met its burden of establishing that its position was substantially justified. *Covington v. Dep't of Health & Human Services*, 818 F.2d 838, 839 (Fed.Cir.1987).

The test of whether the government's position is substantially justified is one of reasonableness in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Beta Sys., Inc. v. United States*, 866 F.2d 1404, 1406 (Fed.Cir.1989). Substantial justification requires that the government's position be "justified in substance or in the main"—that is, "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550; *Owen v. United States*, 861 F.2d 1273, 1274 (Fed.Cir.1988).

The government's position must be substantially justified at both the agency level and litigation stage. *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed.Cir.1987); *Traveler Trading Co. v. United States*, 13 CIT 380, 382, 713 F.Supp. 409, 411 (1989). If the government cannot meet this burden, the Court must award fees and expenses to the Plaintiff. *Brewer*, 814 F.2d at 1569.

1. *The Government's Position at the Agency Level Was Substantially Justified*

Defendants maintain that their position at the agency level was substantially justified. Relying upon the sworn declarations of Special Agents Crotty and Johnson, Defendants assert that Plaintiff voluntarily surrendered his brokers license with prejudice to Customs, in lieu of a possible federal grand jury charge and criminal prosecution.

Plaintiff asserts that during his meeting with Special Agents Crotty and Johnson, he was threatened with criminal prosecution if he did not surrender his license with prejudice. Believing that the surrender of his license was his only means of avoiding criminal prosecution, Plaintiff surrendered his license as requested.

This Court finds that there is insufficient evidence in the record to support Plaintiff's assertion that he was confronted with coercive tactics forcing him to surrender his license or face imminent and certain prosecution. The evidence in the record demonstrates that Plaintiff was facing a very serious investigation and a possible criminal indictment. The Special Agents reviewed some of the particulars of the investigation with Plaintiff and informed him that voluntary surrender of his license was an option that might cause the criminal investigation against him to cease. Following the meeting, Plaintiff took two days to officially surrender his license. During that time Plaintiff certainly could have sought counsel or reconsidered his options. However, Plaintiff chose not to do so.

This Court concludes that the government's position was reasonable and substantially justified at the agency level. There is no dispute that Plaintiff was facing the possibility of criminal charges and that Plaintiff wanted to prevent such charges from materializing. With this in mind, Plaintiff voluntarily requested his license be canceled with prejudice. Further, the Commissioner appears to have properly canceled Plaintiff's license on January 30, 1991 in response to Plaintiff's voluntary surrender of his license with prejudice.[3]

2. *The Government's Position at the Litigation Stage was Substantially Justified*

At the litigation stage, Plaintiff argued that (1) the surrender of his license was not voluntary; (2) he was deprived of an administrative hearing pursuant to 19 U.S.C.

---

**3.** Plaintiff claims that the Commissioner was aware of counsel's letter of January 28, 1991, declaring the surrender null and void, and chose to ignore it. There is insufficient evidence in the record to support this assertion; the record is not clear whether or not this letter was received by the Commissioner.

§ 1641(d)(2)(B);[4] and (3) he was entitled to have his license returned because he withdrew his request to cancel the license. Defendants' litigation position was that Plaintiff could not prevail on the merits and that Plaintiff's surrender of his license was voluntary.

 The arguments raised by the parties were never litigated, as the parties entered into a settlement agreement just prior to trial. However, the fact that the stipulated judgment states that Plaintiff is the prevailing party does not automatically establish Defendants' lack of substantial justification in asserting their position. In *Pierce*, the Supreme Court noted that "[t]he unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position." *Pierce*, 487 U.S. at 568, 108 S.Ct. at 2552; *See also Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982) (The fact that the government did not prevail in the case does not demonstrate that its position was not substantially justified).

The Court holds that the Defendants' litigation position was reasonable and substantially justified. Defendants have not advanced factual or legal arguments that are unreasonable. The arguments of the Defendants advanced at the litigation stage were reasonable given the circumstances discussed earlier in this opinion.

Defendants reasonably argued at the litigation stage that Plaintiff effectively waived his right to an administrative hearing because he voluntarily surrendered his brokers license with prejudice. The record reflects that Plaintiff was familiar with the regulations governing Customs brokers licenses and, presumably, his right to a hearing prior to revocation under 19 U.S.C. § 1641(d)(2)(B). By voluntarily surrendering his license with prejudice, Plaintiff chose to bypass the procedural protection of an administrative hearing.

As noted earlier, the Commissioner appears to have acted within the law in revoking Plaintiff's license after having received Plaintiff's voluntary surrender of his license with prejudice under 19 C.F.R. § 111.51(b). Section 111.51(b) permits the Commissioner to "cancel a broker's license ... with 'prejudice' when specifically requested to do so by the broker."

### Conclusion

Based upon the foregoing, this Court holds that Defendants' positions advanced at the administrative level and litigation stage were substantially justified. Defendants have shown a reasonable basis in fact and law for their position. Plaintiff's motion for attorneys' fees and expenses is denied.

---

**4.** An administrative hearing is required under 19 U.S.C. § 1641(d)(2)(B) (1988), unless the customs broker waives the hearing or fails to appear. At the hearing the customs broker is entitled to show cause why his license should not be revoked or suspended.