**INNER SECRETS/SECRETLY YOURS, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Slip Op. 96–33.
Court No. 95–01–00044.

United States Court of International Trade.

Feb. 7, 1996.

dence that it was manufactured with sodium bicarbonate.

Ross & Hardies, Washington, DC (Steven P. Kersner), for plaintiff.

Frank W. Hunger, Assistant Attorney General, Washington, DC; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Barbara Silver Williams); of counsel: Karen P. Binder, Office of Assistant Chief Counsel, New York City, International Trade Litigation, United States Customs Service, for defendants.

## OPINION

TSOUCALAS, Judge:

Pursuant to Rule 68(a) of this Court, plaintiff has filed for reimbursement of attorney's fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1988 & Supp. V 1993).

## Background

Plaintiff made various entries of women's flannel boxer shorts imported from Hong Kong. The specific facts surrounding these importations are presumed known and will be addressed here only saliently.

In July 1994, plaintiff made two importations, classifying the subject merchandise under 6108.21.00, Harmonized Tariff Schedule of the United States ("HTSUS"), visa quota category 352, as women's knitted cotton briefs and panties at 8.1% ad valorem.[1] Believing plaintiff's merchandise to be outerwear, the United States Customs Service ("Customs") detained the merchandise. On August 2, 1994, Customs conditionally released plaintiff's merchandise pending evaluation by a National Import Specialist ("NIS"). Subsequently, NIS concurred with Customs that the subject boxers were classifiable as outerwear shorts under 6204.62.4055, HTSUS, and required a quota category 348 visa. On September 9, 1994, Customs issued redelivery notices with respect to these entries. Subsequent importations in September 1994 resulted in Customs' demand for redelivery or outright rejection.

Responding to plaintiff's request for an internal advice request to resolve this situation, Customs issued Headquarters Ruling Letter ("HRL") 957068 on October 11, 1994. HRL 957068 noted that another ruling, HRL 087940, set forth seven criteria for distinguishing men's boxer shorts from non-underwear garments. Satisfying more than one of the listed criteria rendered the article in question presumptively outerwear. A third HRL, HRL 951754, had improperly utilized the criteria set forth in HRL 087940 to determine the classification of women's flannel boxer-style shorts. Nevertheless, Customs applied the seven criteria to plaintiff's merchandise because plaintiff claimed that it had relied on the criteria in entering its merchandise. Adversely to plaintiff, Customs found that plaintiff's merchandise met two of the criteria, i.e., the garments had a single leg opening greater than the relaxed waist and lacked a fly, and were presumptively outerwear shorts. Customs then evaluated the subject boxers anew based on basic tenets of classification, tariff terms, judicial precedent, marketing and advertising information, etc. confirming its classification under 6204.62.4055, HTSUS, textile category 348 visa, dutiable at 17.7% ad valorem.

Believing Customs' classification erroneous, plaintiff sought a preliminary injunction from this Court. The Court responded with dismissal for lack of jurisdiction as plaintiff had failed to exhaust administrative remedies. *Inner Secrets/Secretly Yours, Inc. v. United States,* 18 CIT ——, 869 F.Supp. 959 (1994). Plaintiff then filed protests challenging Customs' actions regarding the entries at issue in this case. *Defendants' Opposition to Plaintiff's Motion for Reimbursement of Attorney's Fees and Costs ("Defendants Brief")* at 4. Customs denied its protests and plaintiff countered by applying for injunctive relief once again. The Court denied plaintiff's request for a preliminary injunction for failure to satisfy the requisite criteria. However, the Court scheduled an expedited trial. *Inner Secrets/Secretly Yours, Inc. v. United States,* 19 CIT ——, ——, 876 F.Supp. 283, 288 (1995).

A trial *de novo* was held in this case on March 1, 1995. Judgment was rendered in favor of plaintiff, the Court ruling that plaintiff had prevailed in overcoming the presumption of correctness which attaches to classifications by Customs and that plaintiff's merchandise at issue is entitled to enter the United States under subheading 6208.91.3010 of the HTSUS, visa quota category 352. *Inner Secrets/Secretly Yours, Inc. v. United States,* 19 CIT ——, ——, 885 F.Supp. 248, 257 (1995). The Government chose not to appeal and the Court's judgment became final.

As the prevailing party, plaintiff now seeks recovery under the EAJA of attorney's fees and expenses incurred in contesting Customs' classification of plaintiff's merchandise. On September 27, 1995, the Court heard oral argument on plaintiff's application.

## Discussion

Plaintiff alleges that, as a result of the Government's unreasonable actions, it in-

---

[1]. At trial, plaintiff sought classification under 6208.91.3010, HTSUS.

curred significant legal fees and expenses, was required to pay storage costs in the amount of $2,467.65, and lost $25,455 in profits because it had to reduce its selling price on 8,485 dozen boxers by $3.00 per dozen. *Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees and Costs* at 5, 12–13. In total, plaintiff seeks recovery of fees and expenses incurred from November 1994 through April 1995 in the amount of $90,342.54. The sole question before the Court is whether plaintiff is entitled to reimbursement of attorney's fees and expenses on the basis that the Government's position in this action was not "substantially justified" under the facts of this case and the law.

The Government insists that plaintiff is not eligible for such fees as, at all times, its position was substantially justified and well supported during litigation and trial of this action. *Defendants' Brief* at 6–15. In addition, the Government submits that the attorney's fees and costs sought by plaintiff are not factually or legally supported.[2] *Id.* at 15. Specifically, the Government contends that plaintiff seeks an award for certain fees and expenses which do not qualify for reimbursement and that plaintiff's itemization of certain fees and expenses is insufficient and inaccurate. The Government also claims that plaintiff improperly seeks fees in excess of statutory limitations. *Id.* at 16–27. According to the Government, the "public fisc should not bear these 'silk pajama' expenses when 'boxer shorts' rates are plainly adequate." *Id.* at 22 n. 20.

■ The Court now turns to resolution of the question at bar. Obviously, Rule 68(a) of the Court rules provides that the "Court may award attorney's fees and expenses where authorized by law." In addition, awards of attorney's fees and expenses are governed by

the EAJA, 28 U.S.C. § 2412 which states in relevant part:

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the *prevailing* party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action....

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States....

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

(Emphasis added.) "[A] statute authorizing the recovery of attorneys' fees and expenses from an agency of the United States constitutes a waiver of sovereign immunity, and must be strictly construed." *United States v. Modes, Inc.*, 18 CIT ——, ——, Slip Op. 94–39 at 4, 1994 WL 88927 (Mar. 4, 1994).

■ In this matter, the "government bears the burden of establishing that its posi-

---

**2.** Title 28, United States Code, Section 2412(d)(1)(C), (2)(A) indicates that fees and other expenses include the reasonable expenses of:

expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality

of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

tion was substantially justified or that special circumstances should preclude an award under the EAJA." *Traveler Trading Co. v. United States,* 13 CIT 380, 381, 713 F.Supp. 409, 411 (1989). *See also Covington v. Department of Health & Human Services,* 818 F.2d 838, 839 (Fed.Cir.1987). If the Government is unable to carry its burden, the court must award the requested fees and expenses. *Traveler,* 13 CIT at 381, 713 F.Supp. at 411. *See also Brewer v. American Battle Monuments Comm'n,* 814 F.2d 1564, 1569 (Fed. Cir.1987).

■ The Court then must determine whether defendant has met its statutory burden. The Supreme Court of the United States has found that the phrase "substantial justification" means:

> "justified in substance or in the main"— that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). *See also Urbano v. United States,* 15 CIT 639, 641, 779 F.Supp. 1398, 1401 (1991), *aff'd,* 985 F.2d 585 (1992). Thus, the Government is required to show that it "was *clearly* reasonable in asserting its position, including its position at the agency level, in view of the law and the facts. The Government must show that it has not 'persisted in pressing a tenuous factual or legal position, albeit one not wholly without foundation.' " *Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1467 (Fed.Cir.1986) (quoting *Gava v. United States,* 699 F.2d 1367, 1375 (Fed.Cir. 1983) (Baldwin, J., dissenting)). *See also Brewer,* 814 F.2d at 1569.

*Substantial Justification*

■ An examination of the merits of this case satisfies the Court that the Government's position, although ultimately unsuccessful, was substantially justified at all levels and was grounded in law and fact.

Preliminarily, the Court notes with respect to Customs' conduct at the administrative level that it found "no merit" to plaintiff's allegations under its first cause of action in the underlying case that (1) Customs improperly modified prior rulings by either ignoring the seven criteria in question, or by adding the new criterion of "a functional fly" and, that (2) in assigning a HTSUS classification *after* releasing plaintiff's merchandise as entered, Customs improperly modified prior treatment of substantially identical transactions without affording prior notice in violation of the Customs Modernization Act, as amended, 19 U.S.C. § 1625(c)(1) and (2) (Supp. V 1993). *Inner Secrets,* 19 CIT at ——, 885 F.Supp. at 256–57. The Court also implicitly found that the release of plaintiff's July 1994 shipments was not conclusive and Customs could request redelivery up until liquidation was final. *Id.* at ——, 885 F.Supp. at 256–57.

Furthermore, Customs' classification determination and its position in that regard, although contrary to the Court's ultimate finding, was not without basis. First, concurring with Customs' initial cursory determination that the subject boxers were outerwear, NIS, upon official examination, determined that the subject boxers were outerwear. Answer to Complaint ¶ 13. Second, the Court heard evidence at trial relating to, *inter alia,* the Government's basis for steadfastly contending that the garments at issue lacked a fly. Specifically, Professor Hartley, "an expert in garment product development, marketing and merchandising," opined that the subject boxers lacked a fly. *Inner Secrets,* 19 CIT at ——, 885 F.Supp. at 254. Further, the Court deemed Professor Hartley's testimony credible as to usage. *Id.* at ——, 885 F.Supp. at 256.

In addition, the HRL 087940 criteria, as noted at trial, created only a rebuttable presumption that the subject merchandise was not underwear. *Id.* at ——, 885 F.Supp. at 251. HRL 957068, in fact, clearly stated, "This presumption is rebuttable, however, and the above criteria will be evaluated in conjunction with advertising and marketing information." *Affidavit of Jack Thekkekara,* Exhibit F at 4. In addition, HRL 957068, with particularity, noted the sources which

Customs had alternatively consulted in classifying plaintiff's merchandise under subheading 6204.62.4055, HTSUS, *e.g.,* tariff terms, basic tenets of classification, judicial precedent, marketing and advertising information, information on fashion trends, etc. *Id.* at 5–15. *See also Inner Secrets,* 19 CIT at ——, 885 F.Supp. at 251. Therefore, from the Government's point of view, the basis existed for finding that the subject boxers were outerwear shorts. Further, the Government proffered documentary evidence at trial to corroborate its position. Although the Court found that support ineffectual,[3] the evidence did lend credence to the Government with respect to its persistence in this matter.

Thus, the Government possessed extensive support which it deemed reliable and authoritative for classifying plaintiff's merchandise and for adhering to that classification determination throughout the administrative and trial levels of this case. In fact, while the Court found plaintiff's position more convincing, nothing in *Inner Secrets,* 19 CIT at ——, 885 F.Supp. at 248, suggested that the Government presented "no plausible defense, explanation, or substantiation for its action." *Consolidated Int'l Automotive, Inc. v. United States,* 16 CIT 692, 696, 797 F.Supp. 1007, 1011 (1992). Plaintiff's disagreement with the Government's position does not render the contrary position baseless. The court has recognized that reasonable minds could differ. *See United Engineering & Forging v. United States,* 15 CIT 561, 567, 779 F.Supp. 1375, 1381 (1991); *Timken Co. v. United States,* 10 CIT 86, 98, 630 F.Supp. 1327, 1338 (1986).

 The Court also points out that 28 U.S.C. § 2412(b) applies to a *prevailing* party. Plaintiff requests reimbursement for attorney's services related to a civil action entitled *Inner Secrets/Secretly Yours, Inc. v. United States,* Court No. 94–10–00596 in which plaintiff prematurely applied for a preliminary injunction and the Court dismissed for lack of jurisdiction. *See Inner Secrets,* 18

CIT at ——, 869 F.Supp. at 959. Plaintiff was not a prevailing party in that action. Further, the court has denied an award under the EAJA where an action was brought before a court not having jurisdiction. With regard to that applicant's claimed fees and expenses incurred in defending against the defendant's motion to dismiss for lack of jurisdiction, the court stated:

> The EAJA requires that an action be brought before a court having jurisdiction.... The Court never had jurisdiction over the ten entries. Since a court may not rule on matters over which it has no jurisdiction, the Court also excludes from the applicant's award any fees and expenses related to its defense against defendant's motion to dismiss.

*Traveler,* 13 CIT at 385, 713 F.Supp. at 414. Therefore, plaintiff is ineligible for recovery of fees and expenses with regard to this action. Plaintiff also requests reimbursement for services related to *Inner Secrets/Secretly Yours, Inc. v. United States,* Court No. 95–01–00044, where judicial precedent and the facts of the case at hand clearly demonstrated that injunctive relief was inappropriate. *See Inner Secrets,* 19 CIT at ——, 876 F.Supp. at 283. Plaintiff was not a prevailing party in this action in which its tactics incurred unnecessary expenses for both parties. The Court in its discretion denies recovery for fees and costs related to plaintiff's second motion for a preliminary injunction.[4] Furthermore, the *Traveler* case demonstrates that an EAJA award is limited to the fees and expenses incurred in the civil action or the adversary adjudication at the administrative level. *Traveler* stated:

> [T]he applicant's claim for fees and expenses is limited to those incurred in the civil action, which commenced with the preparation and filing of a summons and complaint with the clerk of court. Moreover, fees and expenses incurred by the applicant at the administrative level are

---

3. *See Inner Secrets,* 19 CIT at ——, 885 F.Supp. at 255–56.

4. Title 28, United States Code, Section 2412(d)(1)(C) provides that the "court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."

not recoverable even though the resulting work product was used in any aspect of the civil action. The applicant's obligation on these fees and expenses would exist even if the civil action had not commenced.

*Id.* at 385, 713 F.Supp. at 414. Therefore, plaintiff's fees and costs related to its protest of Customs' classification are not recoverable. Furthermore, plaintiff did not establish that its claimed storage expenses and losses arising from the sale of its merchandise are recompensable under the EAJA. These items are not similar to any of the allowable fees and expenses set forth in 28 U.S.C. § 2412(d).

■ In addition, plaintiff failed to "itemize fees and expenses with sufficient specificity to allow the court to determine what work is being claimed." *Traveler,* 13 CIT at 386, 713 F.Supp. at 415. Plaintiff's application is replete with expenditures relating to, *inter alia,* intellectual property rights, other visa categories, the North American Free Trade Agreement, rules of origin, and other expenses not tied specifically to this case. It is not clear to the Court whether these amounts are being claimed and, if so, whether they relate to the case at hand. In this regard, this case resembles the situation in *Nakamura v. Heinrich,* 17 CIT 119, 120 (1993), where the court disallowed plaintiff's insufficient itemization because plaintiff had not adequately distinguished between time expended on compensable and noncompensable claims. Therefore, even if plaintiff was entitled to recovery of attorney's fees and expenses, it failed to sufficiently document and itemize its claimed expenditures.

Finally, the legitimacy of the Government's interest in this case is undeniable. It is clear that the Government's conduct proceeded in the vein of legitimate enforcement of the Customs laws. In *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States,* 837 F.2d 465 (Fed.Cir.), *cert. denied,* 488 U.S. 819, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988), the appellate court noted that:

> [T]he EAJA was not intended to be an automatic fee-shifting device in cases where the petitioner prevails.... [S]ubstantial justification is to be decided case-by-case on the basis of the record. *Ga-*

*vette,* 808 F.2d at 1467. The mere fact that the United States lost the case does not show that its position in defending the case was not substantially justified. *Broad Ave. Laundry & Tailoring v. United States,* 693 F.2d 1387, 1391 (Fed.Cir.1982). The decision on an award of attorney fees is a judgment independent of the result on the merits, and is reached by examination of the government's position and conduct through the EAJA "prism," *see Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1090 (D.C.Cir.1986), not by redundantly applying whatever substantive rules governed the underlying case.

Thus, because the Government has presented an acceptable basis both in law and fact for its posture, both at the administrative level and during the underlying litigation, plaintiff is not entitled to an award of fees and expenses under the EAJA. Inasmuch as plaintiff has failed to establish that it is entitled to recovery of attorney's fees and expenses under the statute, its application is denied.

## Conclusion

In this case involving a classification question and merchandise which have not previously been judicially reviewed, it is clear that the Government's position was substantially justified. Therefore, an award of attorney's fees and expenses would be improper under the EAJA. As the Court has found the Government's arguments persuasive under the circumstances of this case, plaintiff's application for attorney's fees and expenses is DENIED.

## ORDER

Upon consideration of plaintiff's application for fees and expenses, defendant's response thereto, and other papers filed in relation to plaintiff's application, it is hereby

**ORDERED** that plaintiff's application is denied in its entirety.